### Simon Johnson v. The State.

#### No. 3034. Decided February 15, 1905.

**Local Option—Affidavit—City Attorney—Complaint—Information—Statutes Construed.**

Section 6 of the Corporation Court Act (Acts 26th Legislature, p. 42), does not authorize a city attorney to take oaths to complaints before any other court or for use before any other court than the corporation court. Neither does article 467, Code Criminal Procedure, confer this power, and an affidavit before a city attorney to a complaint, as a basis of a prosecution for violating the local option law, in the county court is unauthorized, and the information and complaint should have been quashed.

Appeal from the County Court of Collin. Tried below before Hon. F. E. Wilcox.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and thirty days in jail.

The opinion states the case.

*Garnett & Smith,* for appellant.—If anything is established by the decisions in this State, it is the fact that prior to the Act of the 26th Legislature, municipal courts had no authority to try and determine any case made penal by the laws of the State of Texas. Section 18 of the Act, establishing corporation courts, of the 26th Legislature, pages 40 to 44, expressly provides that all laws in conflict with the provisions of this act be and the same are hereby repealed, and if the repeated decisions had not done away with the power of municipal courts, if they ever had any in this State to try offenses against the law, the act itself repeals all laws on the subject which theretofore existed. There is no authority contained in the law establishing corporation courts, for the city attorney to administer an oath in any case except one which that court had jurisdiction to try finally, and the law itself requires the court to have the seal and requires that the impress of the seal shall be attached to all proceedings except subpœnas, and the complaint in this case is a nullity in that it is not sworn to before any person having authority to administer the oath; and the seal of the court, as required by the law, is not attached to the pretended complaint; and the court erred in refusing to quash the information and the complaint when it was properly called to its attention, and for this error this case should be reversed and dismissed.

*Howard Martin,* Assistant Attorney-General, for the State.—Appellant made a motion to quash the information for the reason that the complaint upon which it was based was insufficient, because the complaint was made and sworn to before M. B. Brown, city attorney of Plano—the contention being that a city attorney has no authority to administer oaths, except to complaints charging offenses over which

the corporation courts have jurisdiction to finally try. And in support of this contention he relies upon section 6 of the acts of the 26th Legislature, page 42, creating corporation courts, and defining its jurisdiction. As I understand the record in this case, this is the serious question involved. If the corporation court or the recorder thereof can sit as an examining court, or in other words, if the corporation court's jurisdiction is coextensive with that of the justice of the peace, of offenses arising within the territorial limits of the city, it ·follows that the city attorney can take the complaint, as his authority to administer oaths is coextensive with the recorder or secretary of the court.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and thirty days confinement in the county jail.

In the court below appellant filed a motion to quash the complaint on the ground that the city attorney was not authorized to take an affidavit to a complaint as the basis of a prosecution for violating the local option law. Articles 34 and 36 of the Code Criminal Procedure especially authorize complaints to be made before district or county attorneys, on which an information may be based. Article 467, Code Criminal Procedure, provides, in substance, that the information shall not be presented by the district or county attorney until an oath has been made by some credible person charging defendant with an offense. The oath shall be reduced to writing and filed with the information. It may be sworn to before the district or county attorney who for that purpose shall have the power to administer the oath, or may be made before any officer authorized by law to administer oaths. If a city attorney is authorized to take an affidavit to a complaint for the purpose of filing an information in the county court, it must be because he is one of the officers referred to in article 467, authorizing certain officers to take oaths generally; or he must be specially authorized by some law on the subject. We do not find any article of our Penal Code or Code of Criminal Procedure authorizing city attorneys to administer oaths or affidavits generally. Section 6 of the Corporation Court Act (Acts 26th Leg., p. 42) is the only authority we find in this regard. The recitation in this respect is as follows: "That complaints before such court hereby created and established, may be sworn to before the recorder, clerk of said court, or city secretary, or city attorney, or his deputy, each and all of which officers for that purpose shall have power to administer oaths." From this it will be seen that the authority conferred on them is to administer oaths to complaints before the corporation court. This limited authority, in our opinion, would not confer on them the authority to take oaths to complaints before any other court, or for use before any other court. We therefore hold that the complaint in this case was not sworn to before an officer authorized to administer the oath. The information, therefore, not being predicated upon an affidavit made before an officer authorized by law to take the same, has

no proper basis, and the prosecution cannot be maintained thereon. The court below should have quashed the complaint and information.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*