FRANK LUSPORT, ALIAS FRANK STRONG, ALIAS FRANK LAPORTE,
v. THE STATE.

No. 4252.   Decided November 22, 1916.

**1.—Theft of Horse—Evidence—Identity of the Defendant.**

Where, upon trial of theft of a horse, the evidence showed that many of the State's witnesses identified the defendant as one of the men in a certain wagon as being in possession of the alleged stolen property, the fact that other State's witnesses could not identify the defendant as one of the men in the wagon would not render their testimony inadmissible, as they identified the wagon as the one in which defendant rode.

**2.—Same—Evidence—Possession.**

Upon trial of theft of a horse, there was no error in admitting testimony that the defendant was seen to place a bridle on one of the alleged animals and was one of the men found in possession of all the alleged animals. and who attempted to escape at the time of the discovery of the stock, etc.

**3.—Same—Possession—Explanation—Alibi—Charge of Court.**

Where, upon trial of theft of horses, the defendant claimed purchase of the same and denied that he was present when seen with other men having possession of the animals alleged to be stolen, and the court properly submitted these issues to the jury, there was no reversible error.

**4.—Same—Other Transactions—Evidence—Purchase.**

Where, upon trial of theft of horses, defendant claimed purchase of the alleged stolen animals, testimony of a similar transaction a short time prior was admissible in evidence.

**5.—Same—Principals—Charge of Court.**

Where, upon trial of theft of horses, the evidence raised the issue of principals, there was no error in submitting a charge thereon.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Nelms* and *M. H. Hughes,* for appellant.—On question of evidence and other transactions: Sims v. State, 10 Texas Crim. App., 131; Tijerina v. State, 45 Texas Crim. Rep., 182.

On question of identification: McGuire v. State, 10 Texas Crim. App., 125; Luttrell v. State, 40 Texas Crim. Rep., 651.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of theft of a horse, and his punishment assessed at two years confinement in the State penitentiary.

On the night of March 16, 1916, J. L. Dwight, living northwest of Grapevine, placed two horses and two mules in his bermuda pasture; the next morning all four head of stock were missing. He discovered where the staples had been pulled, the wire pressed down, and the animals taken from the pasture. Two days after the animals were missed they were recovered, the two mules being in the city pound at Dallas, the mares being found in possession of some Italians in Dallas,—appellant's connection therewith being hereafter recited.

Jim Autry, who lives on the road from Dallas to Grapevine, says that on Thursday evening, March 16th, he saw appellant and some three other Italians driving along the road in a little yellow-wheeled vehicle, going in the direction of Grapevine; that when he saw them going out they had no other stock than the mule hitched to the wagon; that about 2 o'clock that night he saw them again pass his house, going in the direction of Dallas, and at this time they were leading four head of stock, two horses and two mules. He identifies appellant as being one of the men in the wagon both going and coming back. He says the stock were of the same color and description as that lost by Mr. Dwight.

Many other witnesses were called, a number of whom identified appellant as one of the party, and all identified the wagon, tracing it to a point near Mr. Dwight's residence and back to Dallas.

In four bills of exception it is shown appellant objected to the testimony of B. W. Scruggs and J. F. Deering, Mrs. Mary Autry and A. Kenner, because in their testimony they say they did not know appellant and were unable to identify him as one of the men in the wagon with yellow wheels to which a mule was hitched. As Mr. Autry, Elbert Kelly, Jake Page, Melton Cates, John W. Hodges, E. T. Jones and others do identify appellant as one of the men in the little yellow wagon or hack with green bed, the fact the four witnesses, to whose testimony the objection was urged, were unable to identify appellant as one of the men in the wagon would not render their testimony inadmissible, when they do identify the wagon as the same wagon that Mr. Autry and the others named say appellant and others were traveling, both in going to near Mr. Dwight's, with no stock except the animal hitched to the wagon, and coming back that night leading four head of stock, two mules and two horses.

F. F. Tillery and Ed Slaven went in search of Mr. Dwight's stock, and on the morning of the 18th found the two mares. Mr. Slaven saw appellant place a bridle on one of the mares, and he and two others brought out the mare and hitched her to the little yellow wagon, and drove her down to a store where the other mare was found. They

telephoned for an officer, and officer Horn responded. He says when Tillery said, "Yonder they are," all three men in the wagon jumped out and attempted to escape, two of them going through the back gate and the other one through the store. That appellant was one of the men found in possession of the mares, and one of the men who attempted to escape at the time of the discovery of the stock and the arrest.

Appellant testified in the case, and admitted that he was in possession of the stock, or just about to take possession, when arrested. He says he had purchased the wagon and two horses from Marrello, paying $16 for the wagon, $40 for one horse and $75 for the other. He denies going out on the Grapevine road on March 16th, and introduces evidence tending to prove an alibi. He said he had been engaged in the mercantile business, and also buying and selling a few head of stock. The jury evidently did not believe the testimony as to the alibi in the face of the numerous witnesses who testified to seeing appellant on the Grapevine road on the evening of March 16th, and did not believe his testimony as to the purchase of the stock, for these issues were both fairly submitted in the court's charge.

After appellant had testified as to his business, the State on cross-examination asked appellant where he got that mule he sold to Mr. Britton, and appellant was, over his objection, interrogated in regard to this transaction. He said he purchased the mule from a white man, paying $65 for it, and sold it for $70, making $5 on the transaction. The State in no way contested this testimony as to the Britton mule, accepting his testimony as final on that issue. While there is nothing in the questions and answers to suggest the State was charging that he had stolen the mule sold to Mr. Britton, appellant's objections were "that it was testimony that the defendant had sold a mule supposed to have been stolen property to one Joe Britton a short time prior to the transaction in issue on this trial." If such be the correct construction to place on the Britton transaction, there was no error in admitting the testimony. His defense in this case was a purchase of the animals stolen from Mr. Dwight, and as this was his defense, evidence of a similar transaction a short time prior would be admissible on that issue.

The only other complaint relates to the court's charge on who are principals, appellant contending that it was error to charge the law of principals. The State's testimony would have appellant and others go up the road March 16th to a point near Mr. Dwight's residence; that his horses were stolen that night, and would have appellant and others returning that night leading four head of stock of the character and kind lost by Mr. Dwight; would have appellant and two others in possession of the two mares when they were recovered. No one saw who took the stock out of Mr. Dwight's pasture, and no one could say who of the five men in the wagon were leading this stock on the return trip to Dallas. Appellant's testimony offers no explanation, he relying on testimony tending to prove an alibi, and testimony of purchase of

the stock on the morning of his arrest. Under such circumstances it was proper to charge the law of principals, and the charge as given was very favorable to appellant. It reads:

"All persons are principals who are guilty of acting together in the commission of an offense. When an offense is actually committed by one or more persons but others are present and, knowing the unlawful intent, aid by acts or encourage by words or gestures those actually engaged in the commission of the unlawful act, such persons so aiding or encouraging are principal offenders, and may be prosecuted as such.

"You are, therefore, charged that if you find and believe from the evidence beyond a reasonable doubt that the offense, if any, charged in the indictment was actually committed as therein charged and you further find and believe from the evidence that such offense, if any, was committed by four men, or either or all of said four men other than the defendant, and you further find and believe from the evidence beyond a reasonable doubt that the defendant was present and knowing the unlawful intent, if any, aided by acts or encouraged by words or gestures, if he did so aid or encourage either or all of said four men, if any, actually engaged in the commission of the offense, charged in the indictment, if any, then if you so find you are instructed that the defendant would be a principal offender and would be guilty as charged in the indictment.

"If, on the other hand, you find and believe from the evidence beyond a reasonable doubt that the offense, if any, charged in the indictment was actually committed as therein charged, and you further find and believe from the evidence, or if you have a reasonable doubt thereof, that such offense, if any, was committed by either one or all of said four men other than the defendant, and you further find and believe from the evidence, or if you have a reasonable doubt thereof that the defendant was not present at the time and place of the commission of such offense, if any, or if you further find and believe from the evidence or have a reasonable doubt thereof that the defendant did not encourage by words or aid by acts or gestures the said four men, if any, other than the defendant or either or all of them in the commission of such offense, if any, then if you so find, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict not guilty."

The judgment is affirmed.

*Affirmed.*