### RICHARD DAVIS V. THE STATE.

No. 10855.    Delivered May 4, 1927.

Rehearing denied June 8, 1927.

**1.—Burglary—Charge of Court—On Circumstantial Evidence—Not Called For.**

Where, on a trial for burglary, several witnesses as well as the appellant himself had testified that he had entered the house of prosecuting witness and taken money therefrom, a charge on circumstantial evidence was not called for. Unless the case is wholly one of circumstantial evidence it is not error for the court to refuse to so charge.

ON REHEARING.

**2.—Same—Continued.**

The factum probandum in a burglary case is the breaking and entry. Where this fact was established by direct evidence, including the admission of the appellant, that such entry was not shown to have been made in the night time by direct evidence, but circumstantially, would not demand a charge on circumstantial evidence. Following Buntain v. State, 15 Tex. Crim. Rep. 520, and Glover v. State, 46 S. W. 824.

Appeal from the District Court of Shelby County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for burglary of a private residence, penalty five years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary, punishment five years in the penitentiary.

The charge against appellant was the burglary of a private residence. The testimony seems sufficient to show that a private residence was entered by force by the appellant and certain money taken therefrom. Appellant admitted to the owner of the premises that he had gone into the house and taken the money. This was testified to. The only bill of exceptions appearing in the record was taken to the charge of the court for its failure to submit to the jury the law of circumstantial evidence. Appellant admitted to two men who so testified, that he had opened the door of the house and gone into it and taken therefrom property. He testified on the stand on this trial that he did enter the house without the consent of the owner and take therefrom property. The contention made is that the state alleged burglary of a private residence by an entry at night, but that the fact of an entry at night was only shown circumstantially, and that the state met its burden of showing that such night entry was made, only by circumstances, and that hence an instruction on the law of circumstantial evidence was necessary. We are unable to agree with this proposition. On page 1294 of his Ann. P. C., Mr. Branch cites a number of authorities holding that when the breaking and entry of a building are shown by positive testimony, there need be no charge on circumstantial evidence. The rules relating to circumstantial evidence are of judicial construction. Numberless authorities are cited in the books which hold that unless *the case* is wholly one of circumstantial evidence, it is not dependent upon that character of testimony and it would not be error for the court to refuse to so charge. An inspection of this record shows that the case is not one wholly dependent upon circumstantial evidence.

Being unable to agree with appellant's contention, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant earnestly insists that this is a case of circumstantial evidence, admitting that if the case is not wholly dependent upon evidence of that character, then it was not necessary for the court to charge thereon. Looking to the statement of facts we find proof of appellant's admissions

that he broke and entered the private residence in question. This was direct evidence. In Beason v. State, 43 Tex. Crim. Rep. 442, this court states that the factum probandum in a burglary case is the breaking and entry. In Winn v. State, 198 S. W. 966, opinion by Judge Davidson, appears the following: "If in appellant's confession he had directly stated that he broke and entered the house, the trial court would have been correct in refusing to charge on circumstantial evidence." In Owen v. State, 245 S. W. 704, the accused was charged with killing deceased by beating him with a gun and a singletree. On the trial appellant admitted having killed deceased by beating him. We held it not necessary to charge on circumstantial evidence, even though the accused did not admit beating the deceased with a singletree. In the instant case it is plain that the state had direct testimony of the breaking and entry of the house, these being facts necessary to be proven in order to make out the case.

There was but one other question necessary of proof in a case of burglary of a private residence, viz.: was the entry at night? In Buntain v. State, 15 Tex. Crim. App. 520, Judge White said:

"If a court were required to charge the law of circumstantial evidence in all cases where reliance was had upon circumstances to establish any particular fact, then indeed there would be but few if any cases in which such a charge would not be required. But such is not the rule. A charge upon circumstantial evidence is only required when the evidence of the main facts essential to guilt is purely and entirely circumstantial."

In Glover v. State, 46 S. W. 824, Judge Davidson, speaking for the court, says:

"The court did not err in failing to charge the law applicable to circumstantial evidence. Before a charge on this phase of the law is required, the case must be one wholly of circumstantial evidence. Appellant's confessions were introduced in evidence."

A case may be said to be on circumstantial evidence when all those facts necessary to make out a case under the law are deducible as inferences from proof of other facts. It cannot be said when there is direct proof of most of the main facts showing guilt, that because the state must prove some one or more facts by circumstantial evidence that the case is nevertheless one dependent wholly on that character of testimony so as to make it the duty of the court to so charge the jury.

Being unable to agree with appellant, the motion for rehearing is overruled.

*Overruled.*