## ELIAS GARCIA V. THE STATE.

### No. 11005. Delivered October 5, 1927.

### Rehearing denied November 30, 1927.

1.—Theft of Hog — Evidence — Of Contemporaneous Thefts — Properly Admitted.

Where appellant was on trial charged with stealing one hog, there was no error in admitting evidence of the theft of ten other hogs from the same owner, the theft of the ten being contemporaneous with the theft of the hog he was being tried for taking, and which he had confessed that he did take. See Lussport v. State, 80 Tex. Crim. Rep. 314, and other cases cited.

2.—Same—Charge of Court on Circumstantial Evidence—Properly Refused.

Where appellant had confessed to the fraudulent taking of the hog he was charged with stealing; there was no occasion for the court to charge on the law of circumstantial evidence. See Buntain v. State, 15 Tex. Crim. Rep. 520, and other cases cited.

ON REHEARING.

3.—Same—Continued.

It is the settled law of this state that the trial court is not required to charge on the law of circumstantial evidence except in cases in which the state relies solely upon that character of evidence to secure a conviction. Where the accused in a case of theft has confessed to the fraudulent taking, with the intent to appropriate the property taken, or to deprive the owner of its value, the prosecution is not one upon which the state relies solely upon circumstantial evidence. See Rodgers v. State, 36 Tex. Crim. Rep. 563, and other cases collated in Branch's Ann. P. C., Secs. 1342 and 2480; Subd. 3.

4.—Same—Continued.

The fact that the ownership of the hog stolen was proven by circumstantial evidence would not invoke the principle of circumstantial evidence to the whole case. It follows that when only a part of the state's case depends upon circumstantial evidence that a charge on the law of circumstantial evidence is not demanded. Distinguishing Veasly v. State, 85 S. W. 274, and other cases cited on rehearing.

Appeal from a conviction in the District Court of Frio County. Tried below before the Hon. W. O. Murray, Jr., Judge.

Appeal from a conviction for theft of a hog, penalty two years in the penitentiary.

The opinion states the case.

*Grover C. Morris* of San Antonio, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for theft of a hog, punishment being two years in the penitentiary.

Braun, the alleged owner of the animal had a number of hogs running on the range. He missed ten or twelve head. He secured the aid of Patterson, an officer, and they discovered where quite a bunch of hogs had been driven from the accustomed range to the Cude place, which at the time was vacant. From signs there it appeared the hogs had been penned and loaded in a wagon and truck, the tracks of the vehicles indicating the truck was loaded last. Braun's hogs were marked with a "swallow fork" in each ear. Patterson testified that they found in San Antonio at the stockyards ten hogs bearing Braun's mark. Some days later Braun found at the stockyards another hog bearing his mark. The state put in evidence appellant's written confession, in which he admitted that he and one Harrison drove to and penned on the Cude place eleven head of hogs which were in Braun's mark; that while Harrison watched the hogs appellant went and got his wagon in which ten head were loaded, one having escaped while appellant was gone after the wagon; that the ten head were taken to San Antonio by appellant, who sold them to the stockyards and gave one-half the money to Harrison; that a few days later the hog which had escaped came back to the Cude place and that he and Harrison penned it and loaded it in a truck belonging to appellant, who also took it to San Antonio, sold it and divided the money with Harrison.

The prosecution which resulted in this conviction seems to have been predicated on appellant's connection with the one hog last referred to. He interposed objection to proof relating to the ten hogs. The evidence was properly admitted. According to appellant's confession the last hog sold by him was taken into his and Harrison's possession at the time the other ten hogs were taken. If it escaped and went back into the constructive possession of the owner and was taken again by appellant the evidence of his former dealing with it was admissible.

Appellant's confession showed a fraudulent taking. On the trial he claimed not to have had a fraudulent intent when he took possession of the hogs, but claimed he only intended to impound them. This issue was submitted to the jury. On the issue of intent appellant's connection with all the hogs on both occasions was properly shown. Lussport v. State, 80 Tex. Crim. Rep. 314; 190 S. W. 151; Simpson v. State, 81 Tex. Crim. Rep. 389, 196 S. W. 835. For other collated authorities see Note 56 under Art. 703, Vernon's C. C. P., Vol. 2, and Sec. 2347, Branch's Ann. P. C.

We are of opinion the court committed no error in omitting to charge on circumstantial evidence. The gist of the offense of theft is the "fraudulent taking." This was shown by appellant's confession. The identity of the animal stolen as one which belonged to Braun was sufficiently shown by proof of the marking and surrounding facts. Because that may have become an issue it would not in our opinion under the facts of this case demand a charge on circumstantial evidence. Buntain v. State, 15 Tex. Crim. Rep. 520; Glover v. State, 46 Tex. Crim. Rep. 824; Davis v. State, 295 S. W. 608.

Finding no error in the record which demands a reversal, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing, appellant insists that the evidence of the ownership of the hog in question rendered it incumbent upon the court to charge upon the law of circumstantial evidence.

We understand that it is the settled law of this state that the trial court is not required to instruct the jury on the law of circumstantial evidence except in cases in which the state relies solely upon that character of evidence to secure a conviction. See Hunnicutt v. State, 18 Tex. Crim. App. 498; Russell v. State, 38 Tex. Crim. Rep. 596, and other cases collated in Branch's Ann. Tex. P. C., Sec. 1874. In a case of theft of personal property where the unlawful taking with the intent to appropriate it to the use of the accused and to deprive the owner of its value is proved by direct testimony, the prosecution is not one upon which the state relies solely upon circumstantial evidence. See Rodgers v. State, 36 Tex. Crim. Rep. 563, and other cases collated in Branch's Ann. Tex. P. C., p. 1342, Sec. 2480, Subd. 3.

In the present instance, that the appellant took possession of eleven head of hogs, that one of them escaped and was afterwards retaken by the appellant, that he sold first the ten head

and later the one head was proved by direct testimony, namely, the confession of the appellant and his testimony on the trial and by corroborating circumstances. The sole defensive theory interposed by the appellant was that he took the property with no intent to deprive the owner thereof, but to protect his own premises from depredation by the hogs. That issue was submitted to the jury and determined against him. On this hearing it therefore definitely appears that the appellant took the property, that he did it unlawfully and without the consent of the owner, and with intent to appropriate it to his own use and deprive the owner of its value. This all coming from direct testimony, the case, in our opinion, was not one in which the state relied for a conviction upon circumstantial evidence alone. Conceding that the one hog for the theft of which this prosecution is based was identified as belonging to Braun (the owner named in the indictment) by circumstances, the application of the principles of circumstantial evidence to the whole case would still not have been appropriate for the reasons stated that the unlawful taking by the appellant was proved by direct evidence and only the ownership of the stolen property was proved by circumstances. It follows that only a part of the state's case depended upon circumstantial evidence. In almost every criminal case a part, at least, of the state's case is circumstantial. This court has uniformly declared the rule to be as stated above.

The several precedents to which we have been referred, namely: Veasly v. State, 85 S. W. 274; Patrick v. State, 291 S. W. 901; Goode v. State, 120 S. W. 199; Felts v. State, 108 S. W. 154, and Childers v. State, 37 Tex. Crim. Rep. 392 have been considered and are not deemed in conflict with the rule of practice stated in the beginning of this opinion, nor of its application to the present facts.

We will state, however, that it would have been proper for the court to have instructed the jury in substance that unless the evidence showed beyond a reasonable doubt that Braun was the owner of the stolen animal, an acquittal should result. Such a charge, if requested, doubtless would have been given by the court. At all events, as the record is viewed here, a charge of the nature last mentioned would have fully protected the appellant's legal rights. See Davis v. State, 152 S. W. 1094.

The motion for rehearing is overruled.

*Overruled.*