## ELLA McCOPPY v. THE STATE.

No. 11806.  Delivered May 30, 1928.
Rehearing denied October 17, 1928.

*Levi Herring* of Fairfield, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The appellant and Albert Terry were riding together in a Ford coupé, which was searched by officers without "probable cause," as that term is defined in the case öf Chapin v. State, 296 S. W. Rep. 1095.  In the back end of the car the officers found several jars of whiskey.  The objection to the testimony of the officers showing the result of the search was overruled because, as stated by the court in qualifying the bill, the search was made with the consent of the appellant.

Terry, who was riding in the car with the appellant, was called by the State and testified on cross-examination that Ella McCoppy did not put the whiskey in the car.

Lemon Casey, a son of the appellant, said that the whiskey was put in the car by him.  He said that some time previous to the arrest,

his grandmother, a woman seventy-three years of age and in feeble health, had requested that whiskey be sent her. According to the witness, the whiskey was found in the field of Frank Kent. Terry was cognizant of the fact that the whiskey in the car was to be taken to the grandmother of Casey.

The appellant testified that she had been to visit her son, Lemon Casey; that when she left Casey's home, she did not know that there was whiskey in the car; that she did not see whiskey therein at any time; that Lemon Casey had said nothing to her about putting whiskey in the car. After she left the home of Casey, the car was not stopped until it was stopped by the officers.

Henrietta Allen, mother of the appellant, testified that she was old and feeble and needed whiskey; that she had requested her grandson, Lemon Casey, to send her some whiskey; that she wanted it for her ailments.

The fact that after the officers had begun to search the car in which the whiskey was found the appellant said: "Go ahead and search," is not regarded as justifying the search upon the ground of consent. It is conceived that the officers had nothing but suspicion, unsupported by probable cause, to cause the car to stop and announce their intention to search, and had begun the search before the remark was made. At the time of the search and at the time of the arrest, the officers took some fruit jars of whiskey out of the car, and after placing the appellant in jail, they went back to the car and found some more whiskey in it. The information obtained through the first search, which was illegal, in which a part of the whiskey was taken from the car, would not render legal the return trip in which the remainder of the whiskey was obtained. See Hall v. State, 288 S. W. Rep. 202.

Excluding the testimony of the officers touching the result of the search, the evidence introduced by the appellant is to the effect that her mother was an old woman and in need of whiskey, which was known to the appellant. The appellant had left her home and gone to that of her son, Lemon Casey, and was returning to her home at the time of the arrest. Casey testified that he put the whiskey in the car with the knowledge of Terry, a companion of the appellant, but without the knowledge of the appellant. From the testimony, independent of that of the officers, it is made apparent that there was whiskey in the appellant's car and that it was in process of transportation. Whether she knew that it was there was a question of fact which the court, in an appropriate charge, called upon the

jury to determine. Her testimony that she did not know it was there is not conclusive. Her interest in the matter leaves her credibility upon the issues mentioned a matter for the jury to pass upon. See Hawkins v. State, 99 Tex. Crim. Rep. 569. We are therefore constrained to conclude that while the court was in error in receiving the testimony of the result of the search, the judgment cannot be reversed upon that ground 'for the reason that the proof, independent of the facts obtained by the search, is sufficient to make out the State's case and support the finding of the jury. See Kelsey v. State, 4 S. W. (2d) 548; McLaughlin v. State, 4 S. W. (2d) 54; Bryant v. State, 2 S. W. (2d) 846.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains because in our original opinion we did not discuss his contention that the trial court committed error in declining to charge on the law of circumstantial evidence. He refers us to Burrell v. State, 18 Texas 713, and Early v. State, 50 Tex. Cr. R. 344, 97 S. W. 82, as supporting his contention. The principle announced in those cases has been recognized as correct where applicable under the facts in the later case of Joyce v. State, 90 Tex. Cr. R. 265, 234 S. W. 895, and in others cited in the opinion in Joyce's case. In all of these cases a killing was actually committed by one party and the state was seeking to hold as a principal another party whose guilty connection with the killing depended upon proof by circumstances alone. We think the doctrine there announced has no application here. Under the facts as we understand them Davis v. State, 107 Tex. Cr. R. 134, 295 S. W. 608, and the authorities therein cited are applicable. The state proved by direct evidence that whiskey was being transported in an automobile the movements of which seemed to have been under the control of appellant. The mechanical operation of the machine was by a boy who was a minor of whom appellant was guardian. By direct evidence the state made out a case against appellant which could be defeated only by establishing her plea that she had no knowledge of the whiskey's presence in the car. This defense was properly submitted and the issue determined against her by the jury.

The motion for rehearing is overruled.

*Overruled.*