CECIL ALEXANDER V. STATE

No. 29,041. May 29, 1957.

*Taylor and Taylor*, by *Henry Taylor*, Temple, for appellant.

*Raymond Thornton*, District Attorney, Belton, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary; the punishment, two years.

The sufficiency of the evidence to sustain the conviction is challenged.

Druggist Goodnight of Holland testified that the appellant and another man and woman were in his drug store on the afternoon of August 5, ordered a soft drink and left, and that when he went to his store the following morning he discovered that it had been burglarized.

The state called Ted Dykes, who was serving a term in the penitentiary for the burglary of the Goodnight drug store, and he testified that he and Shirley Keith burglarized the drug store but denied that the appellant was with them or participated in the burglary. The state plead surprise and was permitted to impeach his testimony by proving a prior inconsistent statement and confession.

The impeaching evidence was limited in the court's charge and is not available to the state as evidence of the appellant's presence or participation in the burglary.

The state called Shirley Keith, who testified that she was serving a term in the penitentiary for the burglary of the drug store at Holland. She testified that Ted Dykes went with her into the drug store, but she was not questioned concerning the appellant.

The state called the appellant's mother, who testified that the appellant, "the boy who was up here while ago," and a girl named Shirley were at her home on August 5 and left there "around 7 or 7:30" in a 1956 Chevrolet convertible.

If this conviction can be sustained, it must be on the testi-

mony of Mrs. Cantrell, who lived in a second story apartment over the Goodnight drug store. She stated that during the afternoon of August 5 she saw a 1956 Chevrolet convertible drive up to the Goodnight drug store and the appellant and another man and woman go inside.

On direct examination she testified that at 1:30 A.M. on August 6 she was awakened and saw a 1956 Chevrolet being driven in a suspicious manner on the streets of Holland, that it finally came to a halt near the Goodnight drug store, that the appellant got out of the automobile, walked over to the drug store, and she heard the door rattle, and that thirty minutes later she saw the automobile drive away, with two men and a woman in it.

On cross-examination, she stated that she could not recall having ever seen the appellant prior to the afternoon of August 5, that she was unable to say whether there were two men and one woman or two women and one man in the automobile that night, "all I could see was three persons," that she could not tell whether any of the persons was wearing glasses, that the man who crossed the street to the drug store "looked like" the appellant but that she could not see well enough "to state positively who any of those people were," that she could not positively identify the appellant "as being there," that she did not know under all the circumstances whether the appellant "was there on that occasion or not." She answered this question as follows:

"Q. And you do not tell this jury that he is the man, do you?

"A. Not positively, no."

On re-direct examination, she stated that it was her conviction and belief "subject to anybody making a mistake" that the appellant was the person whom she saw going toward the drug store. On re-cross, she testified, "I am not positive, no" and "cannot positively identify him (the appellant) as being there."

Again, on re-direct examination, she testified that from what she knew in her own mind her testimony was that the appellant was the person whom she had seen and that it was her belief that he was the same person.

Just before leaving the witness stand, the witness was asked and answered the following questions:

"Q. Mrs. Cantrell, when you saw this man that night did you then think or not, that he was the same person or one of the same persons that you had seen that afternoon? Did you recognize him then as being one of the three that you had seen that afternoon and the same automobile?

"A. No, sir.

"Mr. Taylor: Your answer is no?

"A. Yes, sir."

It should be remembered that we are not here concerned with the question of the sufficiency of the corroboration of an accomplice witness. The two witnesses who admitted having committed the burglary not only failed to connect the appellant with the crime, but one testified to appellant's innocence. The state proved that the burglary was committed by the two persons who testified. They had the further burden of establishing that the appellant and not someone else participated with them in the crime.

Though not free from difficulty, we have concluded that the testimony set forth above from the witness Cantrell is not sufficient to meet this burden and overcome the presumption of innocence.

Finding the evidence insufficient to support the conviction, the judgment is reversed and the cause remanded.

WOODLEY, Judge, dissenting.

Disproving the testimony of the accomplice witness Dykes that appellant did not accompany him to Holland but remained in Austin, and supporting the testimony of Mrs. Cantrell, the state's evidence established that appellant was the third of the trio who were riding in a 1956 Chevrolet convertible in Holland on August 5; that the three came together to the home of appellant's mother; were last seen by her as they left together in such 1956 Chevrolet convertible about 7 or 7:30 P.M., and were seen together in the drug store earlier in the afternoon.

The evidence establishes that the man and woman who appellant took to his mother's home burglarized the drug store. They were convicted for that offense.

All of the evidence shows that there was a third person present at the burglary and that three persons fled after the burglary in the 1956 Chevrolet convertible.

The case was submitted to the jury as one of circumstantial evidence.

Mrs. Cantrell's identification of appellant, together with the facts and circumstances mentioned, should be held sufficient to sustain the jury's finding that appellant participated in the burglary.

As I see it, Mrs. Cantrell simply admitted the well known fact that human testimony, however honest, is not infallible. As she saw it, appellant was the man who got out of the convertible and walked into the street and then toward the door which she heard broken and through which entry was made by force into the drug store.

The hypothesis that appellant left his companions before the burglary and another person of striking resemblance took his place and assisted in the burglary does not appeal to me as a reasonable one.