RAY SCOTT V. STATE.

No. 30,244. January 14, 1959.
Appellant's Motion for Rehearing Granted April 1, 1959.
State's Motion for Rehearing Overruled May 6, 1959.

MORRISON, Presiding Judge, dissented on affirmance.

WOODLEY, Judge, dissented on Motion for Rehearing.

*Charles William Tessmer,* Dallas, for appellant.

*Howard M. Fender,* Criminal District Attorney, *John E. McLean* and *Albert F. Fick, Jr.;* (on State's Motion for Rehearing), *Doug Crouch,* Criminal District Attorney, by *A. D. Downer,* Assistant Criminal District Attorney, all of Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is burglary; the punishment, enhanced by a previous conviction for burglary, twelve years.

About 11:30 P.M. three men drove up to Mr. Kincaid's grocery store in a Cadillac automobile and went to the front door. One of the men returned to the car and took therefrom a tire tool with which they forced the door open.

Two of the men entered the store, and the other drove the Cadillac away. He soon returned and the three men placed Mr. Kincaid's safe, which they removed from the store, in the trunk of the automobile and drove away.

Mrs. Nickerson witnessed the foregoing from the porch of her home across the street and reported it to the police.

The Cadillac described by the lady was stopped by the police slightly less than four hours later and the three occupants were arrested.

Mrs. Nickerson identified the automobile as that which was driven to the store and into which the stolen safe was loaded. She identified two of the occupants of the automobile as the small and the tall of the three burglars, but could not positively identify appellant as the third or middle-size one. She did, however, testify to his description, his size, walk and mannerisms as being similar to those of appellant.

It was shown by other testimony that appellant owned the Cadillac; that the mark found on the door which was forced was, in the opinion of the officer who compared it, made with the tire tool found in the Cadillac.

It was also shown that the two other occupants of the Cadillac pleaded guilty to the burglary of the store, and it was established that appellant had been previously convicted of burglary pleaded for enhancement of punishment.

Appellant did not testify, but offered testimony to the effect that he loaned his Cadillac to the two who were arrested with him and that he remained at a night club until they returned shortly before the arrest.

The jury rejected the defense of alibi raised by this testimony.

The sole question raised on this appeal is the sufficiency of the evidence to sustain the conviction.

The court submitted the case as one of circumstantial evidence, and we are to decide whether, viewed in the light most favorable to the state, the evidence is sufficient to exclude every other reasonable hypothesis than that appellant was the third party to the burglary of the store.

If there be any such hypothesis, it must be that appellant's two companions borrowed his car, then associated themselves with another person of the same general description and the same mannerisms as appellant; committed the burglary, prizing the door with the tire tool found in the car; took the safe to a point some thirty miles away and rifled and wrecked it; then returned to the night club, their new associate, a man of appellant's description, disappearing at some time after the burglary and before the two confessed burglars and appellant were arrested together in the car less than four hours after the burglary.

This was the very theory rejected by the jury. It was not a reasonable hypothesis and we see none raised by the evidence other than that of appellant's guilt.

The judgment is affirmed.

MORRISON, Presiding Judge, dissenting.

The facts in the case at bar are, as I see them, similar to but weaker than those before us in Alexander v. State, 164 Texas Cr. Rep. 663, 302 S.W. 2d 414, wherein we held the evidence insufficient to support the conviction.

I dissent to the affirmance of this conviction.

#### ON MOTION FOR REHEARING

DAVIDSON, Judge.

Very courteously but very directly and positively, appellant impresses upon me the fact that I agreed that the evidence was insufficient to support the conviction in the Alexander case, 164 Texas Cr. Rep. 663, 302 S.W. 2d 414.

Appellant asserts that there was more evidence to support Alexander's conviction than there is to show his (this appellant's) guilt, here, and that consistency requires that the Alexander case be followed and the instant conviction be reversed.

If appellant is right, then I am wrong and was in error in agreeing that the evidence here was sufficient to authorize his conviction.

When a judge realizes that he is wrong and has erred in the

performance of his duty, he should not only be the first to admit it but should do so without hesitation or equivocation. This I am here doing, because I have reached the conclusion that the holding in the Alexander case precludes an affirmance of this conviction.

Such conclusion is primarily based upon the failure of the state's witness, Mrs. Nickerson, to identify the appellant as one of the three persons she saw in the Cadillac automobile at the time of the burglary. She was positive in her identification of two of the occupants of the automobile. She had the same opportunity to identify appellant as the third man as she did to identify the other two.

Under the circumstances, Mrs. Nickerson's failure to identify the appellant must necessarily raise the hypothesis that he was not one of the three burglars. The circumstances relied upon to show appellant's presence at the burglary must be construed in the light of Mrs. Nickerson's failure to identify him.

Appellant's conviction was made to depend solely and alone upon the fact that he was present at the burglary.

Attention is called to the fact that this case was submitted to the jury upon the law of principals applying when the accused is present when an offense is committed by another person, and knowing the unlawful intent of that person in the commission of that offense, aids by acts or encourages by words such person in the commission of the unlawful act.

Indeed, in submitting the converse of the law of principals, the trial court instructed the jury that unless appellant was present and so aided or assisted in the commission of the offense he would not be guilty.

I can not bring myself to the conclusion that the evidence is sufficient to show that appellant was present at the scene of the burglary. Mrs. Nickerson's failure to so testify presents an outstanding hypothesis which precludes a determination that he was present.

Accordingly, appellant's motion for rehearing is granted, the affirmance is set aside, and the judgment is now reversed and the cause remanded.

ON MOTION FOR REHEARING

WOODLEY, Judge, dissenting on Motion for Rehearing.

The opinion on rehearing joins in the view that the majority holding in Alexander v. State, 164 Texas Cr. Rep. 663, 302 S.W. 2d 414, requires a finding that the evidence herein is insufficient to sustain the conviction. The original opinion thus becomes the minority views, as were my views in the Alexander case.

It is true that the eye-witness to the burglary in the Alexander case came nearer identifying Alexander than Mrs. Nickerson came to identifying appellant. What the majority overlooks is that neither identification was positive, and for that reason both cases were submitted to the jury as on circumstantial evidence. Had the identification been sufficient in either that case would not have been a stronger circumstantial evidence case, but a case of direct evidence the sufficiency of which could hardly be questioned.

I remain convinced that the circumstantial evidence was sufficient in the Alexander case. If not, it does not follow that this case should be reversed.

I call attention to the fact that in the Alexander case there was no evidence that the automobile in which the three burglars came to the burglarized premises, and in which they left after burglarizing it, belonged to the defendant on trial. There was no evidence that Alexander drove or had any control over the car. There was nothing to show that property taken in the burglary or tools with which entry was gained were found in the automobile.

All of these facts are shown in this record and clearly distinguish this case from the Alexander case.