Juan CHAVEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13-81-011-CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 8, 1981.

Bennie E. Ray, Austin, for appellant.

Selden N. Snedeker, Dist. Atty., Brownsville, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction for burglary of a habitation with intent to commit rape. The court, after a jury verdict, assessed punishment at twenty-five years imprisonment.

On three grounds of error, the appellant contends that the indictment is fundamentally defective; that the evidence is insufficient to sustain the conviction; and that the charge of the court contains two fundamental defects.

An indictment that fails to allege the constituent elements of the offense is a

defect which is jurisdictional. We have examined the subject indictment and find that, while it might have been more artfully drafted, it does allege each of the constituent elements of the offense charged. This indictment, in a single count, alleges two forms of burglary: burglary with intent to commit rape, and burglary and the commission of attempted rape.

■ The appellant's first ground of error complains of the form of the indictment and not of the substance thereof. The defendant has the option to raise this type of complaint before trial, but if he goes to trial without raising an objection, he may not urge the objection on appeal for the first time. Since the appellant's complaint was nonjurisdictional, it was waived. *American Plant Food Corporation v. State*, 508 S.W.2d 598, 604 (Tex.Crim.App.1974). Appellant's first ground of error is overruled.

■ Next, the appellant challenges the sufficiency of the evidence to prove that the defendant intended to commit rape when he entered the habitation. The record shows that the prosecutrix, while visiting her brother, was awakened at 3:00 a. m. by the defendant. He, with the aid of a companion, choked her, then disrobed her and attempted to have sexual intercourse with her without her consent. The prosecutrix resisted in earnest, and finally awakened the other occupants of the house. This caused her assailants to flee before the defendant completed the intended act. The record shows that entry was made to the habitation through a window which had the screen torn away.

The appellant took the stand in his own defense. His testimony raised the defense of an alibi. The defendant admitted that, prior to this trial, he had pled guilty to the rape of his eight-year-old half-sister, and had served five years in the penitentiary for this crime.

Where the sufficiency of the evidence is raised, the appellate court must view the evidence, properly admitted, in a light most favorable to the State. *Boening v. State*, 422 S.W.2d 469 (Tex.Cr.App.1968). We hold that the facts are sufficient to prove that the appellant had the intent to commit rape at the time he entered the habitation and that the evidence is sufficient to uphold the jury verdict. See: *Casa v. State*, 127 Tex. Cr.R. 607, 78 S.W.2d 962 (1935) and *Allen v. State*, 156 Tex.Cr.R. 620, 245 S.W.2d 707 (1952).

■ In a multifarious third ground of error, appellant makes two contentions: that the charge omits an element of the offense (namely, the intent with which entry was made), and that the charge fails to instruct the jury of the character and degree of force necessary to be used in order to constitute rape. We have examined the charge and find that these alleged defects do not exist. See: *Alvear v. State*, 170 Tex.Cr.R. 378, 341 S.W.2d 426 (1960). The indictment alleged that an entry was made "with the intent of the said Defendant to commit the offense of rape." The charge required the jury to find, as a condition of conviction, "that the Defendant at the time of such entry, if any there was, had the intent to knowingly or intentionally have sexual intercourse with a female, to wit, (R.L.), who was not his wife without the consent of (R.L.)." The charge also instructed the jury that "intercourse is without the female's consent if he compels her to submit by force that overcomes such earnest resistance as might reasonably be expected under the circumstances."

■ The appellant did not raise these objections to the court's charge; therefore, he cannot complain on appeal. *Frank v. State*, 558 S.W.2d 12 (Tex.Crim.App.1977).

The judgment of the trial court is affirmed.