**Ex parte Troy Allan FULLER.**

**No. 41840.**

Court of Criminal Appeals of Texas.

Jan. 8, 1969.

No attorney for relator.

Frank Coffey, Dist. Atty., Truman Power, Asst. Dist. Atty., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from the denial of a writ of habeas corpus by the Criminal District Court #1 of Tarrant County.

On November 25, 1958, in the District Court of Navarro County, upon his plea of guilty to a charge of assault with intent to murder, petitioner was sentenced to five years confinement in the Department of Corrections. The execution of such sentence was suspended and petitioner was placed on probation. Petitioner's probation was thereafter revoked by the Navarro County District Court on September 21, 1959, after a hearing on a motion to revoke. Petitioner was not represented by counsel at such hearing.

Petitioner was tried on October 30, 1963, in Tarrant County, in cause No. 67,995, on charges of assault with intent to commit murder, was found guilty, and his punishment was assessed at 25 years, enhanced under Art. 62, Vernon's Ann.P.C. by virtue of the Navarro County conviction.

It is petitioner's contention that the Navarro County conviction was not available for enhancement at his Tarrant County trial because he was not represented by counsel at the revocation of probation proceedings in Navarro County, and he relies upon Mempa v. Rhay, 389 U.S. 128, 88 S. Ct. 254, 19 L.Ed.2d 336.

The order denying relief is dated November 5, 1968. The Conclusions of Law of the trial court were that Mempa v. Rhay, supra, had been held not to be retroactive by this Court in Crawford v. State, 435 S. W.2d 148, and thus not applicable to petitioner.

The trial court was eminently correct on the day he made his conclusions but was not and could not have been expected to be prescient.

On November 17, 1968, in an opinion on rehearing, Crawford v. State, supra, this Court, because of the opinion of the Supreme Court of the United States in McConnell v. Rhay and Stiltner v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2, has given Mempa v. Rhay, supra, retroactive application.

This indigent inmate who was not represented by counsel at the hearing on revoking his probation and who did not waive the

same, is entitled to a new trial in Tarrant County where this prior offense was used for enhancement.

Petitioner is ordered released from confinement by the Department of Corrections and ordered delivered to the Sheriff of Tarrant County there to answer the primary count of the indictment there pending against him.

DOUGLAS, J., not participating.