James A. EILAND, Appellant,

v.

The STATE of Texas, Appellee.

No. 41813.

Court of Criminal Appeals of Texas.

Feb. 19, 1969.

———o———

Arthur Gochman, San Antonio (Court Appointed on Appeal), Frank Herrera, Jr., San Antonio (Court Appointed on Appeal), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This out-of-time appeal was originated by a habeas corpus proceeding brought under the provisions of Art. 11.07, Vernon's Ann. C.C.P., as amended, and the opinion in Ex parte Young, Tex.Cr.App., 418 S.W.2d 824, seeking appellant's release from a twenty-year robbery conviction affirmed by this Court in Eiland v. State, Tex.Cr.App., 365 S.W.2d 12. This appeal is before us in accordance with the opinion of this Court in which we denied appellant's petition for writ of habeas corpus without prejudice in Ex parte Eiland, Tex.Cr.App., 420 S.W.2d 955.

Upon presentation of the petition for the writ to Judge Semaan of the 175th Judicial District Court of Bexar County, counsel was appointed to represent the applicant who seeks his release from confinement under the 1962 judgment of conviction for robbery in Bexar County. The indictment under which appellant was convicted alleged a prior conviction for burglary, second degree, in the State of Washington for the purpose of enhancement. After proof had been made before the jury upon motion of appellant's counsel the court withdrew the prior conviction upon the ground that there had been no showing that burglary, second degree, in Washington was a like or similar offense to the Texas offense of robbery by assault. The jury was instructed to disregard and the case was submitted to the jury on the primary offense only.

Following the habeas corpus hearing, Judge Semaan found from the evidence that the appellant was entitled to and granted to him an out-of-time appeal, and appointed counsel to represent him on the appeal.

It now appears that the State of Texas in using the Washington State conviction used a void prior conviction in which Eiland was not represented by counsel at a hearing to revoke his probation in the Washington State case. This was error in light of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) which was held retroactive in McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2; and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. See also: Crawford v. State, Tex.Cr.App., 435 S.W.2d 148.

The judgment is reversed and the cause remanded.

Appellant is remanded to the custody of the Sheriff of Bexar County to answer the indictment in Cause No. S–60966 pending in the 175th District Court.

ONION and DOUGLAS, JJ., not participating.