**Ex parte William T. BUFFINGTON.**

**No. 42024.**

Court of Criminal Appeals of Texas.

April 16, 1969.

Toby Priolo, Amarillo, for petitioner.

Tom Curtis, Dist. Atty., Wayne Meissner, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is a habeas corpus proceeding in which the petitioner seeks his release from a ten year conviction for robbery in the 47th Judicial District Court of Potter County. Art. 11.07, Vernon's Ann.C.C.P.; Ex parte Young, Tex.Cr.App., 418 S.W.2d 824.

A hearing was held on January 22, 1969, before the Honorable E. E. Jordan, District Judge, and a record of the same was certified to this Court.

The record reveals that petitioner was convicted on June 28, 1963, in the 47th Judicial District Court in Potter County and was given a ten year probated sentence. After a hearing on November 2, 1965, the order granting probation was revoked, and the petitioner was sentenced to ten years on the robbery conviction.

At the conclusion of the hearing on the petition, Judge Jordan found that the petitioner "was not represented by an attorney at his November 2, 1965, probation revocation hearing." The evidence reveals that the petitioner was indigent at the time of the hearing and that he did not waive his right to counsel at said time.

It is evident that the petitioner was not represented by counsel at the hearing to revoke the order granting him probation on November 2, 1965; and that he had not waived his right to counsel on the hearing. The absence of a waiver of counsel and the failure to provide counsel for him at the hearing was error in the light of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 2d 336 (1967) which was held retroactive in McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2; and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. See also: Crawford v. State, Tex. Cr.App., 435 S.W.2d 148; Ex parte Fuller, Tex.Cr.App., 435 S.W.2d 515; and Eiland v. State, 437 S.W.2d 551, (1969).

The petition for writ of habeas corpus is granted; the sentence pronounced on November 2, 1965, is set aside, and the petitioner is ordered released from the Texas Department of Corrections under his conviction in Cause No. 11850, and delivered to the Sheriff of Potter County to answer the motion to revoke probation pending against him in said cause.

It is so ordered.