**Ex parte Gerald Dixon FLETCHER.**

**No. 42265.**

Court of Criminal Appeals of Texas.

July 9, 1969.

William F. Russell, Lubbock, for petitioner.

Blair Cherry, Jr., Dist. Atty., Tom Richards and Robert Wilson, Asst. Dist. Attys., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This application for writ of habeas corpus by an inmate of the Texas Department of Corrections was filed in the 140th District Court under the provisions of Article 11.07, Vernon's Ann.C.C.P. After a hearing the Honorable Robert H. Bean transmitted the record to this court together with his findings of fact and conclusions of law. See Ex parte Young, Tex.Cr.App., 418 S.W.2d 824.

The record at the writ hearing reflects that on February 15, 1965, the petitioner was convicted in Cause No. 7597 in the 140th District Court of the offense of burglary, with the punishment, enhanced by two prior convictions under the provisions of Article 63, Vernon's Ann.P.C., being assessed at life.[1]

The record further reflects that the first prior conviction so utilized was for the offense of felony theft on January 28, 1957, in Cause No. 6121 in the 140th District Court of Lubbock County. At the time of said conviction in Cause No. 6121 the petitioner was placed on probation for a term of three years. On August 29, 1957, following a hearing, petitioner's probation previously granted was revoked. At the time of the revocation hearing it was shown that petitioner was without counsel, was indigent and did not waive his right to counsel.

It is petitioner's contention that conviction in said Cause No. 6121 was not available for enhancement at his 1965 trial in said Cause No. 7597 because he was not represented by counsel at the revocation of probation proceedings in said Cause No. 6121. He relies upon Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, which was held to have retroactive application in McConnell v. Rhay and Stiltner v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2.

The findings of fact and conclusions of law of the trial court are in accord with petitioner's contention. In addition to the authority cited by petitioner the trial court cites Crawford v. State, Tex.Cr.App., 435 S.W.2d 148 and Ex parte Fuller, Tex.Cr. App., 435 S.W.2d 515, in support of his

---

1. This conviction was affirmed by this court in Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393, cert. den. 386 U.S. 928, 87 S.Ct. 871, 17 L.Ed.2d 800.

conclusions. See also Eiland v. State, Tex. Cr.App., 437 S.W.2d 551. The record supports the trial court's findings and conclusions.

This indigent inmate who was not represented by counsel at the hearing on revocation of probation in said Cause No. 6121 and who did not waive his right to counsel is entitled to a new trial in said Cause No. 7597 where this prior conviction was used for enhancement.

Petitioner is ordered released from confinement by the Department of Corrections and ordered delivered to the Sheriff of Lubbock County, there to answer the indictment in said Cause No. 7597 charging a primary offense with one prior conviction alleged for enhancement.

It is so ordered.

WOODLEY, P. J., not participating.