**Ex parte Billy Ray SHAPLEY.**

**No. 43183.**

Court of Criminal Appeals of Texas.

June 10, 1970.

Rehearing Denied July 22, 1970.

Herbert Green, Dallas, for petitioner.

Henry Wade, Dist. Atty., Camille Elliott and John Tolle, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Petitioner was originally tried and convicted in Cause No. C–66–2087–IH, in the Criminal District Court of Dallas County, which conviction was affirmed by this Court in Shapley v. State, 431 S.W.2d 3. Such conviction was for felony theft with two prior non-capital felonies alleged for enhancement; his punishment was assessed under Article 63, Vernon's Ann.P.C., to life on January 16, 1967. Petitioner alleges that in his prior conviction for the offense of burglary in Hansford County in June, 1957, used for enhancement in Cause No. C–66–2087–IH, supra, he was not represented by counsel, nor waived the same, and this prior conviction cannot be used for enhancement purposes. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319; Ex Parte Greer, Tex.Cr.App., 408 S.W.2d 711, on remand from 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526.

Petitioner filed a post conviction application for writ of habeas corpus in the Criminal District Court of Dallas County, Texas, and a hearing was held on November 7, 1969. Judge Chamberlain found that petitioner was indigent and did not waive counsel, and he was not represented by counsel at the time of his Hansford County conviction. He found that petitioner was denied his constitutional right to be represented by court appointed counsel at such trial. Thus he recommended that relief be granted.[1]

The remaining prior conviction used for enhancement in the primary offense is a Dallas County 1960 conviction, Cause No. C–9653–JI, in Criminal District Court No. 2, for burglary, which is a similar offense to felony theft under Article 62, V.A.P.C., Beck v. State, Tex.Cr.App., 420 S.W.2d 725.

Therefore, it is ordered by this Court that the relief prayed for should be granted, that the 1957 Hansford County conviction used for enhancement in the primary offense is void, and petitioner's confinement under this conviction cannot exceed 10 years under Article 62, V.A.P.C.

It is so ordered.

---

1. Though not a part of the record, this Court has before it a letter from the District Attorney of Hansford County stating that he could find no evidence that petitioner was represented by counsel at the time of such conviction.