**Ex parte Joseph E. BIRD.**

**No. 43359.**

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

Sanders, Miller & Baker, by Dee Miller, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is a habeas corpus proceeding by an inmate of the Texas Department of Corrections.

The petitioner was convicted in 1967 of burglary with intent to commit theft in the 47th District Court of Potter County. The punishment was assessed at life as a result of two prior convictions alleged for enhancement under the provisions of Article 63, Vernon's Ann.P.C. Such conviction was affirmed by this Court. Bird v. State, Tex.Cr.App., 423 S.W.2d 919.

Subsequently, petitioner sought relief via habeas corpus contending one of the prior convictions (for child desertion in 1956) used for enhancement was void and not available for that purpose since at the time of the revocation of probation previously granted following such conviction he "did not have an attorney." While the trial court concluded without an evidentiary hearing that petitioner was entitled to the relief sought, this Court concluded that the habeas petition stated only a conclusion and did not contain sworn facts which if true would entitle him to the relief sought. See Ex parte Bird, Tex.Cr.App., 449 S.W.2d 41.

This time petitioner's habeas application contains the necessary allegations asserting that at the time of the aforementioned revocation of probation he was indigent, without counsel and he did not waive the right of counsel. At an evidentiary hearing petitioner supported his allegations with proof. He testified he was indigent and represented by appointed counsel at the time he pled guilty to child desertion in 1956 and received probation. He related that in December of that year he was unemployed and sought the aid of his probation officer who had him jailed because of some recent drunk charges, and some weeks after his confinement his probation was revoked when he was indigent, without counsel, which right he had not waived. Wayne Bagley, who was District Attorney at the time, testified that it was not the practice or the custom in 1956 to appoint counsel for indigent defendants in revocation hearings. The docket sheet and other record evidence are silent as to counsel at the revocation hearing. The State offered no testimony. Nevertheless, the trial court concluded appellant had waived the appointment of counsel at the probationary revocation hearing since he had had appointed counsel before and he made no request for counsel at such hearing. We do not agree.

■ In Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, the United States Supreme Court held the appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights may be affected, and as a matter of federal constitutional law, a lawyer must be afforded such accused at a proceeding for revocation of probation or deferred sentencing. Such decision was held to have full retroactive application. McConnell v. Rhay (Stiltner v. Rhay), 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2; Crawford v. State, Tex.Cr.App. 435 S.W.2d 148.

■ And this Court has had occasion to apply these decisions where it was shown that the defendant at the time of the revocation was indigent, without counsel and had not waived the right to counsel. See Ex parte Fletcher, Tex.Cr.App., 442 S.W. 2d 705; Ex parte Fuller, Tex.Cr.App., 435 S.W.2d 515; Eiland v. State, Tex.Cr.App., 437 S.W.2d 551; Crawford v. State, supra; Ex parte Buffington, Tex.Cr.App., 439 S. W.2d 345.

■ The trial court apparently did not apply these decisions upon the basis of his conclusion that the petitioner had waived counsel. In Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the Supreme Court made clear it had always set high standards of proof for the waiver of constitutional rights and a heavy burden rested upon the prosecution to demonstrate an intelligent, voluntary and knowing waiver, particularly as it applied to the right to retained or appointed counsel.

This perhaps expresses the traditional rule that the waiver of constitutional rights will not be "lightly inferred," and the courts will " 'indulge every reasonable presumption against [the] waiver' of fundamental

 

constitutional rights." Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. It appears that the "waiver" referred to may be defined as "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, supra.

A statement made in Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed. 2d 70 is applicable here:

> "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

Further, it would appear that once the constitutional right to counsel arises, the right thereto is not dependent upon a request by the indigent defendant. See Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33.

In light of the above authorities, the silent trial court record and the affirmative evidence offered by the petitioner unopposed by the State, the trial court was in error in finding a waiver of counsel.

After due consideration, we have reached the conclusion that the fact the execution of the sentence was suspended rather than the imposition thereof when the petitioner was placed on probation in 1956 (See Article 781b, V.A.C.C.P., then in effect and Ex parte March, Tex.Cr.App., 423 S.W.2d 916) does not call for a different result than what we eventually reached in Crawford v. State, supra, and related cases, particularly in light of the holding in Mempa v. Rhay, supra.

Therefore, the petitioner is entitled to the relief sought and cannot under this conviction be confined for a period longer than 12 years under the provisions of Article 62, V.A.P.C., the other unattacked prior conviction alleged for enhancement being burglary with intent to commit theft. A

copy of this opinion shall be forwarded to the Texas Department of Corrections.

It is so ordered.