**Melvin Carl SHIVERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43338.**

Court of Criminal Appeals of Texas.

Dec. 16, 1970.

Roland M. Searcy, Jr., Bryan, for appellant.

D. Brooks Cofer, Dist. Atty., Bryan, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for burglary with intent to commit theft. The punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

The sole question presented on appeal is the sufficiency of the evidence to support the conviction.

Frank Kahan, manager of the K. Wolens store in the city of Bryan, testified he secured the store at closing time on April 9, 1969. He returned to the store at approximately 1:30 a. m. on April 10, 1969, and discovered the front glass door had been broken out. He observed some socks had been knocked to the floor, the cash drawer pulled out and some letters and receipts on the floor. He testified he had not given the appellant or any other person permission to break and enter the store.

Detective Oscar Chavarria of the Bryan Police Department was staked out atop the nearby Varisco Building on the morning in question and observed a subject approach the K. Wolens store, heard the door rattle and glass break. He notified Lieutenant Phelps by radio.

Officer Phelps testified he was in an unmarked police vehicle 150 yards from the store when he received the call. He also heard the glass break. After calling other units to cover the rear exit of the store he proceeded to the front of the store when a subject ran out of the store within five to seven feet from him. He gave chase and lost the subject in the vicinity of a vacant house. The entire block was surrounded.

Officer Charles Howard related that shortly thereafter he searched the vacant house and subsequently apprehended the appellant in the vacant lot adjoining the house lying face down in tall weeds. The appellant was breathing hard and appeared to be intoxicated. Lieutenant Phelps who had previously known the appellant identified him as having exactly the same clothing as the subject who ran from the store though he did not recognize him when he fled. It was shown that no one else was in the vicinity except the appellant and the police officers.

Considering the evidence in the light most favorable to the jury's verdict as to guilt, we deem it sufficient to sustain the conviction.

Alexander v. State, 164 Tex.Cr.R. 663, 302 S.W.2d 414, relied upon by the appellant, is clearly distinguishable upon its facts.

The judgment is affirmed.