**Ex parte Roy McDONALD.**

**No. 44302.**

Court of Criminal Appeals of Texas.

July 14, 1971.

Allison, Maddin, White & Brin, Corpus Christi, for appellant.

Crawford C. Martin, Atty. Gen., Roland Daniel Green, Asst. Atty. Gen., Austin, W. B. Mobley, Jr., Dist. Atty., and Thomas D. McDowell, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is a habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P. See Ex parte Young, Tex.Cr.App., 418 S.W.2d 824.

The petitioner seeks his release from the Department of Corrections where he is serving a life sentence. Petitioner was convicted of felony theft in Cause No. 3017 of the 36th District Court of San Patricio County on October 30, 1963. By virtue of two prior noncapital felony convictions of felony theft (1961) and of burglary (1953) alleged and proved for the purpose of enhancement of punishment, a life sentence was imposed. See Article 63, Vernon's Ann.P.C. The conviction was affirmed on appeal. McDonald v. State, Tex.Cr.App., 379 S.W.2d 349.

Without reciting prior habeas history, it is observed that petitioner now complains that his 1953 burglary conviction was void and not available for enhancement of punishment. He claims that at the time of the revocation of probation in the burglary conviction he was indigent, without counsel and did not waive the same. He further urges that the district attorney who actively prosecuted the burglary case was the trial judge at the time of his revocation in the same case.

His instant post conviction habeas corpus petition making these allegations was filed, not in the convicting court, but in the court where the prior burglary conviction occurred, the 105th District Court of Nueces County, Texas. See Article 11.07, supra; Ex parte Young, supra. See also Ex parte Smith, Tex.Cr.App., 449 S.W.2d 266.

After an evidentiary hearing the Nueces County trial judge dictated findings of fact and conclusions of law into the record favorable to both of petitioner's contentions. The formal order entered was based, however, upon the disqualification of the trial judge at the time of revocation. The record has been transmitted to this Court.

We have examined the record and find the evidence supports the trial court's oral findings at the hearing, the limited formal order as well as the petitioner's allegations.

Article V, Sec. 11 of the State Constitution, Vernon's Ann.St., reads in part as follows: "No judge shall sit in any case wherein * * * he shall have been counsel in the case."

Article 30.01, V.A.C.C.P., provides in part: "No judge * * * shall sit in any case * * * where he has been of counsel for the State or the accused. * * *"

These provisions have been construed to be mandatory, see Pennington v. State, 169 Tex.Cr.R. 183, 332 S.W.2d 569 (reversed on other grounds); Hathorne v. State, Tex.Cr.App., 459 S.W.2d 826.

The fact that the trial judge at the time of the revocaton of probation was the district attorney who had actively prosecuted the petitioner and obtained a conviction for burglary in the same cause rendered such conviction void and unavailable for enhancement.

In Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, the United States Supreme Court held the appointment of counsel for an indigent is required at every stage of a criminal proceeding *where substantial rights may be affected,* and as a matter of federal constitutional law a lawyer must be afforded such accused at a proceeding for revocation of probation or deferred sentencing where substantial rights may be affected. Such decision was held to have full retroactive application. McConnell v. Rhay (Stiltner v. Rhay) 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed. 2d 2; Crawford v. State, Tex.Cr.App., 435 S.W.2d 148 (where the nature of a Texas revocation proceeding was discussed).

And this Court has had occasion to apply these decisions where it was shown that the defendant at the time of the revocation was indigent, without counsel and had not waived the right to counsel. Crawford v. State, supra; Ex parte Fletcher, Tex.Cr. App., 442 S.W.2d 705; Ex parte Fuller, Tex.Cr.App., 435 S.W.2d 515; Eiland v. State, Tex.Cr.App., 437 S.W.2d 551; Ex parte Buffington, Tex.Cr.App., 439 S.W.2d 345; Ex parte Allen, Tex.Cr.App., 452 S.

W.2d 472; Ex parte Bird, Tex.Cr.App., 457 S.W.2d 559.

And in Ex parte Bird, supra, we concluded that the fact the execution of the sentence was suspended rather than the imposition thereof when the petitioner was placed on probation under the former Code of Criminal Procedure (See Articles 781b and 781d, V.A.C.C.P., 1925, and Ex parte March, Tex.Cr.App., 423 S.W.2d 916) does not call for a different result than we eventually reached in Crawford v. State, supra, and related cases, particularly in light of the holding in Mempa v. Rhay, supra.

Since it was undisputed that the petitioner was indigent, without counsel and did not waive counsel at the time of the revocation proceeding, another reason exists as to why the 1953 burglary conviction was void and unavailable for the purpose of enhancement of punishment.

Now we reach the question of whether the use of the void 1953 burglary conviction for enhancement renders void the instant 1963 felony theft conviction under attack.

If the prior and void burglary conviction due to lack of counsel was used in the instant 1963 conviction in violation of the principles of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, then no part of the 1963 conviction could stand. See Ex parte Allen, supra.

In Ex parte Gregg, Tex.Cr.App., 427 S. W.2d 66, 67, this Court said:

"An applicant for writ of habeas corpus who is illegally restrained under a void felony conviction is entitled to release from further confinement thereunder. Whether he will be remanded to answer the indictment rests upon whether or not he has served the maximum term to which he could be legally sentenced under the indictment." See also Ex parte Cross, Tex.Cr.App., 427 S.W.2d 64.

It having been made to appear that the petitioner has credit in excess of ten years, the maximum term that petitioner could have been assessed for the offense of felony theft, or under the terms of Article 62, V.A.P.C., in light of the other prior conviction alleged for enhancement, see Ex parte Cross, supra, footnote #1, he is entitled to release if the principles of Burgett were violated.

Even if it can be argued that the principles of Burgett were not violated in this 1963 trial, see 379 S.W.2d 349, Tex.Cr. App., the same result would nevertheless be reached. For the reasons stated, petitioner's life sentence under the provisions of Article 63, V.A.P.C., cannot stand. It having been made to appear that petitioner has credit for time in excess of ten years, the maximum penalty under felony theft which punishment would also be applicable under the provisions of Article 62, V.A.P. C., he would be entitled to release. See Ex parte Auten, Tex.Cr.App., 458 S.W.2d 466.

It is so ordered.