**Ex parte Kelly SCOTT, Jr.**

**No. 45115.**

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Rehearing Denied Nov. 8, 1972.

■■■■■■■■■■■■■■■■■■■■

——◆——

Melvyn Carson Bruder, Barry P. Helfet, Dallas, Harry H. Walsh, Huntsville, for petitioner.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and in accordance with Ex parte Young, Tex.Cr. App., 418 S.W.2d 824, in which the petitioner seeks his release from confinement in the Texas Department of Corrections.

Petitioner was convicted for the offense of burglary in May of 1967. His punishment was enhanced under the provisions of Article 63, Vernon's Ann.P.C., and was assessed at life imprisonment. The judgment was affirmed by this court on March 6, 1968.[1]

Petitioner challenges his conviction on the ground that the 1954 conviction which was used for enhancement was obtained in violation of appellant's Sixth Amendment right to counsel.

A hearing was held on petitioner's application before the Honorable Jerome Chamberlain, Judge of Criminal District Court Number 1 of Dallas County. The trial court found that such prior conviction was constitutionally void because of the absence of counsel and could not be used for enhancement. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The record supports this finding.

The question before us on appeal is the proper relief to be granted. Petitioner contends that he is entitled to a new trial. The trial court found that proper relief could be granted by reforming the judgment.

■■■  The record reflects that appellant was charged with the primary offense of burglary. The second paragraph of the indictment alleged a 1963 conviction for "a felony less than capital and one of like character as alleged against him in the first paragraph hereof, to wit: Burglary . . . ." Therefore the first two paragraphs of the indictment are sufficient under Article 62, V.A.P.C., which provides:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

Under Article 62, once the jury has returned a verdict of guilty with regard to the primary offense and has made a finding that the defendant is the same person who was previously convicted as alleged in the enhancement paragraph, the punishment is automatically fixed by statute. Valenzuela v. State, 153 Tex.Cr.R. 623, 224 S.W.2d 239.

■■■  Convictions which are invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, cannot be used for the purpose of enhancing punishment[2] or taken into consideration in assessing punishment.[3] However, an invalid prior conviction can be disregarded as surplusage in a case where it had no effect on the decision as to the punishment to be assessed. See, United States v. Tucker, 404

---

1.  Scott v. State, Tex.Cr.App., 424 S.W.2d 641.

2.  E. g., Burgett v. Texas, supra; Wood v. State, Tex.Cr.App., 478 S.W.2d 513.

3.  See, United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Gerberding v. Swenson, 435 F.2d 368 (8th Cir. 1970).

At petitioner's trial, he took the stand in his own behalf at the punishment stage and testified that he had been convicted of burglary in 1963. The jury found the allegation in the second paragraph of the indictment, alleging that petitioner had been convicted of burglary in 1963, to be true and correct. Thus, Article 62, V.A.P.C., was satisfied and automatically fixed punishment at 12 years imprisonment.

We hold that petitioner is not entitled to a new trial but is entitled to relief from the life sentence under which he is confined. See, e. g., Ex parte Shapley, Tex. Cr.App., 458 S.W.2d 687; Ex parte Hammonds, Tex.Cr.App., 407 S.W.2d 779. Therefore, it is ordered that petitioner's confinement under this conviction cannot exceed 12 years under Article 62, V.A.P.C.

It is so ordered.