Deville Eireicko DODTY, Appellant,

v.

The STATE of Texas, Appellee.

No. 46151.

Court of Criminal Appeals of Texas.

April 25, 1973.

Rehearing Denied May 16, 1973.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted of the offense of burglary as charged in the indictment under an indictment charging burglary with intent to commit theft. Punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

Appellant's sole ground of error reads:

"The evidence is insufficient to sustain the enhancement portion of the indictment in that there was no proof that the second conviction alleged was for an offense committed by appellant after the first prior conviction became final."

The second paragraph of the indictment alleges that appellant, prior to the commission of the primary offense, was on July 30, 1965, duly and legally convicted of burglary as charged in the indictment, and that said conviction was a final conviction, and was for an offense committed prior to the commission of the primary offense.

The third paragraph of the indictment alleges that prior to the commission of the primary offense and the offense alleged in the second paragraph, appellant was on November 6, 1957, convicted of the offense of felony theft, which was a final convic-

tion for an offense committed prior to either of the offenses mentioned in the prior paragraphs of the indictment, and which judgment of conviction became final before the commission of each of said offenses.

The record reflects that the State failed to introduce evidence to prove that the burglary of which appellant was convicted in 1965 was committed after the conviction of 1957 became final. The State in its brief concedes this absence of proof. Hence, Art. 63, V.A.P.C., is not applicable, since to invoke that article, it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefor. Hutchinson v. State, Tex.Cr. App., 481 S.W.2d 881, and authorities therein cited.

Appellant does not question the existence of sufficient evidence to show that the primary offense occurred on July 30, 1970, and that the conviction alleged in the second paragraph of the indictment occurred on July 30, 1965, and was a final conviction prior to the commission of the primary offense. The record reflects such evidence, as well as proof of identity of appellant as the defendant in the 1965 conviction. Both convictions were of the offense of burglary. This proof will sustain a conviction for a subsequent offense of the same nature under the provisions of Article 62, V.A.C.P.[1] Hutchinson, supra. All burglaries are like or similar offenses. Cf. Sharpe v. State, Tex.Cr.App., 490 S. W.2d 834; Schmeideberg v. State, Tex.Cr. App., 415 S.W.2d 425. The maximum punishment for a conviction of burglary is twelve years. Article 1397, V.A.P.C.

The judgment and sentence are therefore reformed to provide for appel-

lant's confinement with the Texas Department of Corrections for a period of twelve years. Hutchinson v. State, supra; Lee v. State, Tex.Cr.App., 400 S.W.2d 909.

The judgment and sentence, as reformed, are affirmed.

Opinion approved by the Court.

1. Article 62, V.A.P.C., reads:
    "If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punish-

ment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."