**Ex parte Melvin SHIVERS.**

No. 47226.

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

On Motion for Rehearing Dec. 5, 1973.

William T. Armstrong, Weldon, Don Kraemer, Huntsville, for petitioner.

T. W. McDonald, Jr., Dist. Atty., Bryan, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is a habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P.

Petitioner was previously convicted of burglary with intent to commit theft. The punishment was assessed at life under the provisions of Article 63, Vernon's Ann.P.C. On appeal appellant's conviction was affirmed. Shivers v. State, 460 S.W.2d 915 (Tex.Cr.App.1970).

In his habeas corpus pleadings petitioner alleges that at the time his probation was revoked in Cause No. 9454, in the 85th District Court, which was one of the two prior burglary convictions alleged for enhancement, he was indigent, did not have counsel and did not waive the same.

Following an evidentiary hearing in the convicting court, the trial judge entered findings of fact and conclusions of law that the petitioner's allegations were correct and that he was entitled to the relief sought. The evidence clearly supports the court's findings.

In Mempa v. Rhay, 389 U.S. 128, 88 S. Ct. 254, 19 L.Ed.2d 336 (1967), the United States Supreme Court held the appointment of counsel at every stage of a criminal proceeding *where substantial rights may be affected,* and, as a matter of federal constitutional law, a lawyer must be afforded at a proceeding for revocation of probation or deferred sentencing where substantial rights may be affected. Such decision was held to have full retroactive application. McConnell v. Rhay (Stiltner v. Rhay), 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed. 2d 2 (1968).

In Crawford v. State, 435 S.W.2d 148 (Tex.Cr.App.1968), the nature of a Texas revocation of probation was discussed and Mempa v. Rhay, supra, was found applicable and applied retroactively.

And this court on many occasions has applied these decisions where it was shown that the defendant, at the time of the probation revocation, was indigent, without counsel and had not waived the right to counsel. Ex parte Fletcher, 442 S.W.2d 705 (Tex.Cr.App.1969); Ex parte Fuller, 435 S.W.2d 515 (Tex.Cr.App.1969); Eiland v. State, 437 S.W.2d 551 (Tex.Cr. App.1969); Ex parte Buffington, 439 S. W.2d 345 (Tex.Cr.App.1969); Ex parte Allen, 452 S.W.2d 472 (Tex.Cr.App.1970); Ex parte Bird, 457 S.W.2d 559 (Tex.Cr. App.1970); Ex parte McDonald, 469 S.W. 2d 173 (Tex.Cr.App.1971).

The trial court's findings of fact and conclusions of law are clearly in accordance with these decisions.

Nevertheless, the State in briefs filed by the District Attorney, as well as the State's Attorney, call attention to the recent decision of the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756, 36 L.Ed.2d 656 (1973), generally holding that the due process mandates accorded a parolee during revocation proceedings by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), were also to be accorded a probationer similarly situated. The Court further held that the body conducting the hearings should decide in each individual case whether due process requires that an indigent probationer or parolee be represented by counsel,[1] thus answering a question left open in *Morrissey.*

1. The Court made clear, however, that while the State is not constitutionally obliged to provide counsel in all cases, it should do so where the indigent probationer or parolee may have difficulty in presenting his version of the disputed facts without the examination or cross-examination of witnesses or the presentation of complicated documentary evidence. "Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified

The State argues, in effect, that under this decision the right to counsel is not absolute and that petitioner's conviction need not be set aside. We do not agree.

At the outset of the *Scarpelli* opinion the Supreme Court wrote:

"This case presents the related questions whether *a previously sentenced* probationer is entitled to a hearing when his probation is revoked and, if so, whether he is entitled to be represented by appointed counsel at such a hearing." (emphasis supplied)

Scarpelli was convicted of armed robbery in Wisconsin and sentenced. The execution of the sentence was suspended and he was placed on probation in custody of the Wisconsin Department of Public Welfare. Later, he was permitted to go to Illinois under an interstate compact and accepted for supervision by the Adult Probation Department of Cook County, Illinois. Subsequently, he was apprehended in the course of a burglary by Illinois police and his probation was revoked by the Wisconsin Department of Public Welfare without a hearing.

The Court, in dealing with the questions presented, noted that two prior decisions "set the bounds of our present inquiry"— Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The Court then noted that in *Mempa*

"the Court held that a probationer is entitled to be represented by appointed counsel at a combined revocation and sentencing hearing. Reasoning that counsel is required 'at every stage of a criminal proceeding where substantial

rights of a criminal accused may be affected,' 389 U.S., at 134, 88 S.Ct., at 257, and that sentencing is one such stage, the Court concluded that counsel must be provided an indigent at sentencing even when it is accomplished as part of a subsequent, probation revocation proceeding. *But this line of reasoning does not require a hearing or counsel at the time of probation revocation in a case such as the present one, where the probationer was sentenced at the time of trial."* (Emphasis supplied.) 93 S.Ct. at 1759.

The Court, in *Scarpelli,* then decided that Morrissey v. Brewer, supra, was of greater relevance for there it had been observed that revocation of parole was not a part of a criminal prosecution for parole arises after the end of the criminal prosecution, including imposition of sentence.

The Court then went on to hold that Scarpelli, whose sentence had already been imposed and whose custody had been placed in the State Department of Public Welfare was entitled to the due process rights of a parolee under *Morrissey,* thus entitling him to both a preliminary and a final revocation hearing. Then, using some rather broad language, the Court decided that neither probationers nor parolees are entitled to counsel as a matter of right at revocation hearings. See footnote #1, supra.

The language used should not, in our opinion, be taken out of context for the Court was talking of parolees and probationers, like Scarpelli, who were similarly situated.

■■■ We do not agree that *Scarpelli* is applicable to Texas probation revocation proceedings. Article 42.12 § 3, Vernon's

---

or mitigated the violation and make revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful

cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record." 93 S.Ct. 1764.

Ann.C.C.P. (1965), provides that when probation is granted the court shall have power "to suspend the imposition of the sentence . . . ." Thus, any subsequent revocation of probation comes before the imposition of sentence and before the end of the criminal prosecution. Further, such statute has been interpreted as requiring the assistance of counsel for an indigent probationer at a revocation hearing. Article 42.12 § 3b, Vernon's Ann.C.C.P.; Ex parte Williams, 414 S.W.2d 472 (Tex.Cr.App.1967).

It is true that the probation revocation involved in the instant case occurred in 1962, prior to the enactment of the 1965 Code of Criminal Procedure, and at that time Article 781d §§ 1 and 3, Vernon's Ann.C.C.P., enacted in 1957 repealing Article 781b, Vernon's Ann.C.C.P., provided that the court in granting adult probation was authorized to suspend either the imposition or the execution of the sentence.[2] See Ex parte March, 423 S.W.2d 916 (Tex.Cr.App.1968).

An examination of the record in the instant case reflects that the court employed the suspension of the imposition of sentence method and that following a subsequent revocation hearing revoked probation and imposed sentence on the same date.

And, in Ex parte Bird, 457 S.W.2d 559 (Tex.Cr.App.1970), we concluded the fact the execution of the sentence was suspended rather than the imposition thereof when the probationer was placed on probation under the former Code of Criminal Procedure did not call for a different result than we reached in Crawford v. State, 435 S.W.2d 148 (Tex.Cr.App.1968), in light of the holding in Mempa v. Rhay, supra.

We adhere to our previous holdings.

The petitioner is ordered released and remanded to the custody of the Sheriff of Brazos County to answer the indictment in Cause No. 9985.

It is so ordered.

ODOM and MORRISON, JJ., concur.

## OPINION ON STATE'S MOTION FOR REHEARING

GREEN, Commissioner.

The State's motion for rehearing, filed with leave of the Court, alleges that the Court erred in remanding this cause to the trial court for another trial. The State, for the first time, takes the position that if petitioner is entitled to any relief it is that petitioner's sentence should be reformed to confinement in the Department of Corrections for a term of twelve years, the maximum sentence under Article 62, Vernon's Ann.P.C., for the offense of burglary with intent to commit theft.

The indictment in the case alleged the primary offense of burglary with intent to commit theft, and two prior convictions of burglary, so as to bring the case under the provisions of Article 63, V.A.P.C. One of the prior convictions, to-wit, *Cause No. 9454* in the District Court of Brazos County, was declared void by this Court in the original opinion of the Court on this habeas corpus proceeding, hence, Article 63, V.A.P.C., cannot be applied.

The indictment alleged another prior conviction of appellant for burglary in *Cause No. 9614* in the District Court of Brazos County, and that said conviction was a final conviction for an offense less than capital, to-wit, burglary, committed prior to the primary offense of burglary alleged in the indictment, and that said conviction became final prior to the commission of the primary offense of burglary.

Appellant, in his application, does not attack the prior conviction in *Cause*

2. Where the execution of the sentence was suspended under such procedure, the sentence was actually pronounced and imposed.

*No. 9614,* supra. As shown by the record in the trial of the case, and by the opinion of this Court in Shivers v. State, 460 S. W.2d 915, this conviction was proved and was considered by the court in assessing the punishment under Article 63, V.A.P.C. The offense of which appellant was convicted in *No. 9614,* to-wit, burglary, was a like offense to the primary offense, to-wit, burglary with intent to commit theft. Dodty v. State, Tex.Cr.App., 493 S.W.2d 787.

In ex parte Scott, 485 S.W.2d 921, this Court held as invalid one of the prior convictions used to enhance petitioner's punishment under Article 63, V.A.P.C.; however, since the other prior conviction used for enhancement, which was for a like offense as the primary offense, both being for burglary, was not subject to attack, the Court held that the petitioner was not entitled to a new trial, and that Article 62, V.A.P.C., was applicable. In so holding the Court, speaking through Judge Odom, said:

"We hold that petitioner is not entitled to a new trial but is entitled to relief from the life sentence under which he is confined. See, e. g., Ex parte Shapley, Tex.Cr.App., 458 S.W.2d 687; Ex parte Hammonds, Tex.Cr.App., 407 S.W.2d 779. Therefore, it is ordered that petitioner's confinement under this conviction cannot exceed 12 years under Article 62, V.A.P.C."

See, also, Ex parte Herrera, Tex.Cr.App., 493 S.W.2d 809, footnote 1; Ex parte Bird, Tex.Cr.App., 457 S.W.2d 559; Dodty v. State, supra.

The State's motion for rehearing is granted to the extent that the order remanding petitioner to the sheriff of Brazos County to answer the indictment in Cause No. 9985 is set aside, and it is ordered that petitioner's confinement under this convic-

tion cannot exceed 12 years in accordance with Article 62, V.A.P.C.

A copy of this opinion is being sent to the Department of Corrections.

Opinion approved by the Court.