James Lee PARKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 52537.

Court of Criminal Appeals of Texas.

Jan. 5, 1977.

**152**

John Paul Davis, Beaumont, on appeal only, for appellant.

Tom Hanna, Dist. Atty., and Paul E. Naman, Asst. Crim. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. Appellant pled guilty before the court on August 10, 1972, to the offense of felony theft, and punishment was assessed at six (6) years. The imposition of the sentence was suspended, and appellant was placed on probation subject to certain conditions. Among the conditions appellant was to:

"(a) Commit no offense against the laws of this State or any other State or the United States."

A motion to revoke probation was filed on October 22, 1974, alleging that he violat-

ed his probation in that he unlawfully exercised control over and obtained a four-wheel trailer, which had a value of more than two hundred dollars ($200) but less than ten thousand dollars ($10,000), on June 9, 1974.

A hearing was conducted on the motion to revoke probation on March 7, 1975, and at the conclusion of the hearing the court found that appellant violated his terms of probation as set out in the motion to revoke probation.

██ No briefs were filed in the trial court by either the appellant or the State in accordance with Article 40.09, Vernon's Ann.C.C.P. On the day this cause was set for oral argument, the appellant's retained counsel filed a brief in this court[1] urging that the trial court abused its discretion by requiring the appellant to conduct his own defense at the revocation hearing without the benefit of retained or appointed counsel in violation of his right to counsel under the Sixth Amendment, United States Constitution. See also Article I, Section 10, Texas Constitution. He requests that we consider the same "in the interest of justice." See Article 40.09, Sec. 13, Vernon's Ann.C.C.P. The State's brief was filed in this court on the same date.

We shall consider appellant's contention.

The appellate record is poorly assembled and not always in chronological order. It is with some difficulty that we decipher what has transpired.

It appears that the revocation motion was filed on October 22, 1974, and appellant posted bond on November 12, 1974. On January 6, 1975, the record reflects a colloquy between the court, the appellant and his counsel, Terry Doyle. Counsel stated he had been employed on the case alleged as the basis for the revocation, but at the time of employment didn't know about the fact appellant was on probation; that he had not been paid "on the main case," much less

"this case." Counsel then stated to the court he would follow the court's instructions. Appellant stated he wanted Doyle as counsel and would satisfy his obligation to counsel. The cause was passed to February 24, 1975. On that date in the morning appellant appeared and the record reflects the following:

"DEFENDANT: I have a statement from Coca Cola. I have an attorney—Mr. Morrison.
"THE COURT: Floyd Morrison?
"DEFENDANT: Yes, sir.
"THE COURT: Where is Mr. Morrison?
"DEFENDANT: I don't know. I just got through calling him."

The court then passed the case to 1:30 p. m., instructing the appellant to have his counsel present at that time. That afternoon the record reflects the following:

"DEFENDANT: . . . My lawyer tried to get you.
"THE COURT: Who is coming?
"DEFENDANT: Floyd.
"THE COURT: Mr. Morrison?
"DEFENDANT: Yes, Sir.
"THE COURT: What time is he supposed to be here?
"DEFENDANT: He called his secretary and said he would be a little late."

The court told the appellant to have a seat and not leave the courthouse without permission, and also stated, "You might tell Mr. Morrison that if he's not here within an hour he will have to see the Sheriff, too." The court then set the hearing for March 7, 1975.

On March 7, 1975, appellant pled "untrue" to the revocation motion. The record then reflects:

"THE COURT: Do you have a lawyer to represent you?
"MR. PARKER: Yes, sir, that is what I was doing today. It's just taken so long. I was waiting for Mr. Morris. He still hasn't called me back.

---

1. The State also filed a brief in this court on the same date. In oral argument counsel informed this court that he was not retained until June 17, 1976, too late for the timely filing of briefs

in the trial court in accordance with Article 40.09, Vernon's Ann.C.C.P., since the record was received in this court on May 27, 1976, and the trial court had lost jurisdiction of the cause.

"MR. MOSES (Prosecutor): Who?

"MR. PARKER: Morris.

"THE COURT: Well, you can step outside, but you come right back; because we are going to start you (sic) case just as soon as I get through with these other two cases here. Do you understand that, Mr. Parker?

"MR. PARKER: Yes, sir.

"THE COURT: We are going to start whether your lawyer is here or not.

"MR. PARKER: Okay, sir."

A short time later the case was again called and the record reflects:

"THE COURT: . . . Mr. Parker, you are not represented by an attorney at this time. What is the situation about your attorney?

\*      \*      \*      \*      \*      \*

"MR. PARKER: I just talked to him and he said he wasn't accepting anything.

"THE COURT: Who did you talk to?

"MR. PARKER: Morris.

"THE COURT: Well, Mr. Morris is not here. You can have a seat. The Court has found previously that the defendant is not entitled to a Court appointed attorney. And the case will proceed."

The appellant, representing himself, did not invoke the rule, did not cross-examine two of the State's three witnesses and asked only two questions of the complaining witness. Testifying in his own behalf, appellant stated he had a bill of sale for the trailer allegedly stolen and his lawyer had the bill of sale. Appellant called Billy Ray Thomas as a brief witness to the sale, and then stated to the court he had other witnesses who were not present, naming them, who had not been subpoenaed. The court then revoked probation.

At the time set for sentencing (March 21, 1975), the appellant appeared with counsel,

Kermit Morrison, Jr. At the time appellant's motion for new trial based on lack of counsel at the revocation hearing was overruled without the court hearing evidence. His other motions were also overruled. Sentence was imposed and notice of appeal was given and appellant was continued on bail.[2] Counsel verified he would serve as counsel on appeal.

At the hearing the court inquired of appellant about the allegations of motion that counsel had not been paid as agreed, and the appellant replied, "We was on strike," and stated that he didn't have any money to "amount to anything" but that he sold his car to pay counsel, and he would like for Morrison to remain his attorney. When the court determined that counsel had "gotten off" a $3,000 bond and appellant had then made a $10,000 bond, the court permitted counsel to withdraw and instructed appellant to employ other counsel. The record was not approved by the court until March 30, 1976. On May 8, 1976, the appellant made a $25,000 bond on appeal.[3]

As earlier noted, appellant did not retain other counsel until June 17, 1976, after the record had reached this court and was filed May 27, 1976.

On July 2, 1975, notice of completion of the record was given to the parties.

On July 17, 1975, appellant's counsel filed a motion to withdraw from the case dated June 25, 1975, alleging appellant had breached the employment contract in that he had not paid all of the fee for perfecting the appeal.[4] Apparently without a hearing the court entered an order finding that appellant was not indigent but ordering counsel to remain as counsel of record until the appellant had employed other counsel.

On September 12, 1975, the court conducted a hearing on counsel's motion to withdraw.

---

**2.** It appears that appellant had been released on bail on March 10, 1975, with his counsel (Kermit Morrison, Jr.) as one of the sureties.

**3.** It is not revealed by this record just why the bond was continually raised.

**4.** The motion stated counsel was willing to return the unearned portion of the fee paid.

The Sixth Amendment, United States Constitution, provides that in all criminal prosecutions the accused shall have the assistance of counsel for his defense. Article I, Sec. 10, Texas Constitution, also provides that "[i]n all criminal prosecutions the accused . . . shall have the right of being heard by himself or counsel, or both . . . ." In *Crawford v. State*, 435 S.W.2d 148, 151 (Tex.Cr.App.1968), the court observed, "The revocation proceedings cannot be isolated from the context of the criminal process." *Fariss v. Tipps*, 463 S.W.2d 176 (Tex.1971), held that revocation is a "criminal prosecution" within Article I, Sec. 10, Texas Constitution. Article 42.12, Vernon's Ann.C.C.P., requires the assistance of counsel in such hearing. See *Ex parte Williams*, 414 S.W.2d 472 (Tex.Cr.App.1967). It appears clear that a probationer is entitled to counsel, either retained or appointed, at the time of the revocation hearing unless he had affirmatively waived the same. See Article 42.12, supra; n. 31.6, and cases there cited; *Crawford v. State,* supra; *Eiland v. State,* 437 S.W.2d 551 (Tex.Cr.App.1969); *Ex parte Fletcher,* 442 S.W.2d 705 (Tex.Cr. App.1969); *Ex parte Fuller,* 435 S.W.2d 515 (Tex.Cr.App.1969); *Ex parte Buffington,* 439 S.W.2d 345 (Tex.Cr.App.1969); *Ex parte Bird,* 457 S.W.2d 559 (Tex.Cr.App. 1970).

The State urges that the appellant was not indigent and therefore was not entitled to appointed counsel.[5] If this be so,[6] the question remains whether appellant waived his right to retained counsel. A defendant may waive his right to counsel if such waiver is made voluntarily and knowingly of the consequences thereof. See *Ex parte Ross,* 522 S.W.2d 214 (Tex.Cr.App. 1975); *Lewis v. State,* 501 S.W.2d 88 (Tex. Cr.App.1973); *Smith v. State,* 513 S.W.2d 586 (Tex.Cr.App.1974); *Webb v. State,* 533 S.W.2d 780 (Tex.Cr.App.1976).

Waiver may be defined as "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). A waiver of the right to counsel will not be presumed from a silent record. *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962); *Ex parte Auten,* 458 S.W.2d 466 (Tex.Cr. App.1970); *Baker v. State,* 519 S.W.2d 648 (Tex.Cr.App.1975); *Bray v. State,* 531 S.W.2d 633 (Tex.Cr.App.1976). A waiver will not be "lightly inferred," and courts will indulge every reasonable presumption against the waiver of fundamental constitutional rights. *Johnson v. Zerbst,* supra. And a heavy burden rests upon the prosecution to demonstrate an intelligent, voluntary and knowing waiver of constitutional rights, particularly as applied to the right to retained or appointed counsel. *Ex parte Bird,* 457 S.W.2d 559 (Tex.Cr.App.1970).

In *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the United States Supreme Court wrote:

"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

In the recent case of *Ex parte Herrin,* 537 S.W.2d 33 (Tex.Cr.App.1976), the petitioners were charged with the misdemeanor

---

5. The cases cited by the State, *Clark v. State,* 417 S.W.2d 402 (Tex.Cr.App.1967); *McClendon v. State,* 407 S.W.2d 778 (Tex.Cr.App.1966); *Barbee v. State,* 432 S.W.2d 78 (Tex.Cr.App. 1968), all involved misdemeanor cases and are distinguishable on the facts.

6. After the record was filed in this court and shortly before oral argument on July 14, 1976, there was filed in this court on July 9, 1976, "Findings of Facts and Conclusions of Law" by the trial court in which the trial court stated that not all hearings on the issue of indigency were recorded, and revealed there was one unrecorded hearing involving sworn testimony showing appellant was not indigent. Such "findings" point to several places in the record where the trial court stated it had determined earlier that the appellant was not indigent, but the record on such issue is meager or non-existent. It is difficult to understand why any hearing involving sworn testimony in a felony case would not be recorded. Trial courts should never forget that this court must pass upon the case on appeal upon the record presented.

offense of aggravated assault. Their retained counsel sought and obtained several continuances since he was a member of the Legislature. See Article 2168a, Vernon's Ann.C.S., as amended in 1973. At the conclusion of the legislative session, the cases were set for trial, but on the date of trial the petitioners appeared but their attorney did not and they could not locate him. They requested "a couple of days" to secure another lawyer. This request was denied, but the court offered to appoint counsel, which offer was rejected, the petitioners stating they wanted their own retained counsel. The 18 and 21 year old petitioners were then put to trial acting as their own counsel. They did not participate in the jury voir dire, the cross-examination was minimal with their non-lawyer father sometimes asking questions. They presented no evidence.

This court in *Herrin* concluded that the petitioners had made no knowing, intelligent and voluntary waiver of their right to counsel merely because their trial counsel had failed to appear on the date of the trial without fault of the petitioners. See also *Baker v. State*, supra.

In the instant case the appellant first appears before the court with retained counsel, Terry Doyle, who had not been paid. On the subsequent setting, appellant stated his attorney was Floyd Morrison, who was not present, although appellant stated he had contacted the lawyer. On the date of the revocation hearing the appellant appeared and stated his counsel was "Mr. Morris,"[7] who was not present. The appellant stated he called "Mr. Morris," who stated "he wouldn't accept anything," the meaning of which is not clear. The record does not show that the lawyer was contacted by the court, nor was it established then or later why such lawyer refused to appear. It was not established that the failure of "Mr. Morris" to appear was the fault of the appellant.

 It is true that the right of an accused to represent himself or to select his own counsel cannot be manipulated so as to obstruct orderly procedure in the courts or to interfere with the fair administration of justice. *Thompson v. State*, 447 S.W.2d 920 (Tex.Cr.App.1969); *Estrada v. State*, 406 S.W.2d 448 (Tex.Cr.App.1966). See also *Webb v. State*, supra. If this record clearly demonstrated that appellant was financially able to hire counsel and used his right to counsel in such a way to keep postponing his revocation hearing, a different situation would have been presented. The record is not sufficiently developed to show that appellant manipulated his right to counsel so as to obstruct orderly procedure, etc.

We cannot conclude from the record before us that the appellant made a knowing, intelligent and voluntary waiver of his right to counsel. See *Ex parte Herrin*, supra.

Accordingly, the order revoking probation is reversed and the cause is remanded.

ODOM, Judge (Dissenting).

The majority are of the opinion that "The record is not sufficiently developed to show that appellant manipulated his right to counsel so as to obstruct orderly procedure, etc." I am of the opinion that the record is sufficiently developed to show that appellant did manipulate his right to counsel in such a manner as to obstruct the orderly procedure in the trial court and to interfere with the fair administration of justice in the hearing and speedy disposition of the motion to revoke probation filed against him.

I therefore dissent.

ROBERTS, J., joins in this dissent.

---

7. Whether "Mr. Morris" was a different attorney from Floyd Morrison or Kermit Morrison, Jr., who subsequently represented the appellant, is not revealed by this record.