Fabian SALAZAR, Appellant,

v.

STATE of Texas, Appellee.

No. 13–82–032–CR.

Court of Appeals of Texas, Corpus Christi.

May 12, 1983.

Juan M. Gonzales, Beeville, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before BISSETT, UTTER and GONZA-LEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a revocation of probation. In May 1979, appellant was placed on probation for three years after pleading guilty to the offense of aggravated assault. In November 1981, the State filed a motion to revoke probation alleging violation of various probationary conditions.

A hearing was held, and the appellant's probation was revoked. He was sentenced to three years in the Texas Department of Corrections. Among other things, appellant challenges the sufficiency of the evidence, the standard of proof used to revoke his probation and attacks the indictment as being fundamentally defective. We affirm.

In his first ground of error, appellant contends that the trial court erred in denying him a preliminary revocation hearing. It is well settled that no such hearing is required in Texas. *Whisenant v. State*, 557 S.W.2d 102 (Tex.Cr.App.1977); *Grant v. Texas*, 505 S.W.2d 259 (Tex.Cr.App.1974); *Ex Parte Shivers*, 501 S.W.2d 898 (Tex.Cr. App.1973). Appellant's first ground of error is overruled.

Appellant next contends that the trial court erred in revoking probation since the State failed to prove that appellant had received a copy of the conditions of his probation *and* that the clerk noted the delivery date on the docket. See Art. 42.12, Sec. 6, Tex.Code Crim.Pro.Ann. (Vernon 1979). While it is true that the docket sheet fails to show when appellant was furnished with a copy of the conditions of his probation, the appellate record includes a copy of the conditions of probation with the appellant's signature verifying his receipt of same on May 21, 1979. Appellant also told the trial court at the revocation hearing that he had received a copy of his probationary conditions and the date of receipt. We decline to hold that the clerk's failure to note this date on the docket sheet constitutes reversible error when the record clearly shows that appellant received a copy of the conditions. *Lejeune v. State*, 538 S.W.2d 775 (Tex.Cr.App.1976). If there was any error in the clerk's failure to note on the docket sheet when the appellant received an explanation of the terms and conditions of his probation, it was harmless. Appellant's second ground of error is overruled.

Appellant next alleges that the indictment is fundamentally defective. We have reviewed the indictment and find no

fundamental error. The indictment properly alleges an offense under Sec. 22.02(a)(1) Tex.Penal Code Ann. (Vernon 1974). Appellant's third ground of error is overruled.

In his fourth and fifth grounds of error, appellant challenges the sufficiency of the evidence and argues that the standard governing revocation should be "proof beyond a reasonable doubt" rather than "proof by a preponderance of the evidence." The correct standard is preponderance of the evidence. *Flournoy v. State*, 589 S.W.2d 705 (Tex.Cr.App.1979); *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr.App.1974).

We have reviewed the evidence and find it sufficient to support revocation. Three peace officers testified that appellant had committed various offenses in their presence, including driving while intoxicated, possession of marihuana, and public intoxication. While the evidence is sufficient to show multiple probationary violations, we note that one sufficient ground for revocation will support the trial court's order to revoke. *Moore v. State*, 605 S.W.2d 924 (Tex.Cr.App.1980). The trial court did not abuse its discretion. Appellant's fourth and fifth grounds of error are overruled.

The judgment of the trial court is AFFIRMED.