OPINION

**Ex parte Eugene MARTINEZ.**

**No. 48323.**

Court of Criminal Appeals of Texas.

April 24, 1974.

Eugene Martinez, pro se.

Jim D. Vollers, State's Atty., Austin, for the State.

ODOM, Judge.

This is a post conviction habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P., by the petitioner, an inmate of the Texas Department of Corrections.

Petitioner was convicted upon his plea of guilty for the offense of burglary in Cause No. 6252 in the District Court of Fayette County on April 25, 1960. Punishment was assessed at twelve years' confinement and no appeal was perfected. Two prior convictions alleged for enhancement were evidently dropped on motions by the State.

Petitioner was also convicted of the offense of theft of property over the value of $50.00 in Cause No. 6250 in the District Court of Fayette County on April 25, 1960. Two prior convictions (Cause Nos. 6649 and 5444) were alleged for enhancement and punishment was assessed at life in the cause, the sentence to begin when the judgment and sentence in Cause No. 6252 ceased to operate.

On November 1, 1967, petitioner filed an application for writ of habeas corpus alleging that his conviction in Cause No. 6250 was void because one of the prior convictions alleged for enhancement (Cause No. 6649) was void due to the fact that he was not represented by counsel. The trial judge entered an order on November 30, 1967, stating that the "judgment in Cause No. 6649 is void and therefore could not be used to enhance the punishment in Cause No. 6250" but "that the judgment and sentence in Cause No. 6252 confining petitioner for twelve years was valid and has not been fully served and therefore petitioner was not entitled to be released."

On December 28, 1973, petitioner filed another application for writ of habeas corpus in Cause No. 6250 alleging that his conviction was void due to the use of a

constitutionally void prior conviction (Cause No. 6649) for enhancement purposes. Petitioner alleges that Cause No. 6649, wherein he pled guilty to the offense of burglary on April 15, 1957, was void because (1) he was not represented by counsel; (2) he was not advised that he was entitled to have counsel appointed for him if he so desired; and (3) he was indigent and without funds to employ an attorney. On January 28, 1974, the trial judge entered an order stating that petitioner's enhanced sentence in Cause No. 6250 was based on a void prior conviction wherein petitioner was not represented by counsel.[1] The record supports this finding. Petitioner's trial resulting in the challenged conviction as stated above was had on April 25, 1960, over seven years before the United States Supreme Court's decision in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Therefore, we conclude petitioner's conviction was void.

We next consider what relief is appropriate. The indictment in Cause No. 6250 alleged in the first paragraph that petitioner committed the offense of theft of property over the value of $50.00. The second paragraph of the indictment involved Cause No. 6649, which we have concluded was a void conviction. The third paragraph alleged that petitioner on the 20th day of June, 1955, in Cause No. 5444 in the District Court of Gonzales County, was duly and legally convicted of the offense of burglary.

We find that the first and third paragraphs in petitioner's indictment are valid and sufficient under Article 62, Vernon's Ann.P.C. Therefore, we hold that petitioner is entitled to relief from the life sentence under which he is confined. See Ex parte Swinney, 499 S.W.2d 101 (Tex. Cr.App.1973); Ex parte Scott, 485 S.W.2d 921 (Tex.Cr.App.1972). Thus, it is ordered that petitioner's confinement under

this conviction cannot exceed ten years under Artilce 62, supra.

We have ascertained that the petitioner has served and has credit for sufficient time to complete the above referred to sentence. Therefore, he is ordered discharged. A copy of this opinion will be sent to the Texas Department of Corrections.

It is so ordered.

fined only under the life sentence as an habitual.

---

[1]. The trial judge also stated in his order that the petitioner has probably now completed his twelve year sentence for burglary and is con-